## AUSTIN V. BERLIN ET AL.

1. DEFAULT OF DIRECTORS OF CORPORATION TO FILE REPORT OF CORPORATE INDEBTEDNESS DOES NOT MAKE THEIR SUCCESSORS LIABLE. The directors of a corporation, whose terms of office began after an indebtedness had been created against the corporation, and after default had been made by the previous board in failing to file, as required by law, a report showing the amount of the corporate indebtedness, are not liable under section 252 of the General Statutes, which provides "that all the directors or trustees of the company shall be jointly and severally liable for all the debts of the company that shall be contracted during the year next preceding the time when such report should * * * have been made and filed, and until such report shall be made."

2. STATUTORY LIABILITY NOT EXTENDED.— The individual liability of directors is not by this section extended to those in no way chargeable with dereliction of duty.

*Appeal from District Court of Boulder County.*

THE plaintiff, Ira Austin, filed his complaint in the district court of Boulder county, showing the following facts: The Aggregation Company of Colorado was a corporation organized March 13, 1884, under the laws of this state, doing business in the county of Boulder. The defendants Bartleson, McKee and Rouse impleaded with

the appellees, were directors of the company from its organization to the date of the complaint, January 28, 1886. The appellee Berlin was a director from May 11, 1885, to the date of the complaint; and the appellee Brace was a director from June 15, 1885, to October 15, 1885.

September 15, 1884, the company made and delivered its two promissory notes to the plaintiff for the amount of $2,500, payable September 15, 1887, bearing interest at ten per cent. per annum, payable semi-annually on the 15th days of September and March, the company agreeing that in case of default in payment of the interest as aforesaid the said principal sum should at once become due and payable. The company having failed to pay the interest due March 15, 1885, and also that due September 15, 1885, certain real estate pledged to secure the payment of the above debt was sold by the trustee, and the proceeds credited to the corporation upon the notes, leaving a balance due thereon from the company to the plaintiff at the date of the commencement of his action of $1,047.56.

The officers of the company did not make and file the report required by section 252 of the General Statutes of Colorado, and no certificate of paid-up capital stock had been filed. And it is also alleged that the capital stock of the company had not been fully paid.

The defendants Berlin and Brace having filed general demurrers to the complaint, judgment was entered thereon in their favor. To review such judgment this appeal was taken.

Mr. R. H. CHITTENDEN, for appellant.

Mr. S. A. GIFFIN and Mr. S. H. BALLARD, for appellees.

MR. JUSTICE HAYT delivered the opinion of the court.

The decision upon this appeal involves a construction of section 16 of the general corporation act of this state, which section reads as follows: "Every such corporation

shall annually, within sixty days from the 1st day of January, make a report which shall state the amount of its capital, and the proportion actually paid in, and the amount of existing debts; which report shall be signed by the president, and shall be verified by the oath of the president or secretary of said company, under its corporate seal, and filed in the office of the recorder of deeds of the county where the business of the company shall be carried on. And if any such corporation shall fail so to do, unless the capital stock of such corporation has been fully paid in, and a certificate made and filed as provided in section twelve (12) of this act, all the directors or trustees of the company shall be jointly and severally liable for all the debts of the company that shall be contracted during the year next preceding the time when such report should by this section have been made and filed, and until such report shall be made." Sec. 252, Gen. St. Under the provisions of section 12 of the act, when the entire capital stock of a corporation is fully paid up, it is made the duty of certain of its officers to make a certificate to that effect, and cause the same to be recorded in the office of the secretary of state, and a copy in the office of the recorder of deeds of the county wherein the business of said company is to be carried on.

Section 16 is not entirely free from ambiguity when viewed with reference to the various conditions of fact which may arise in the transaction of corporate business. If, as contended by appellant, the words used are to be literally construed, then in case of default "all the directors * * * are * * * liable for all the debts."

This construction would work such manifest injustice that it ought not to be adopted if the language used will fairly admit of a more reasonable construction. It may frequently happen that the term of office of the directors in charge of the corporate business may expire, as in this case, after an indebtedness has been created, and after default; and it would be an unreasonable construction

of the statute to make their successors in office liable for
an indebtedness in the incurring of which they had no
voice, solely on account of a default which they were
powerless to prevent.    They could not prevent it, having
no voice in the corporate management at the time the
default occurred, while the liability would attach to them
immediately upon their induction into office, and, having
once attached, the consequences could not be averted by
thereafter filing the report, as under the statute provision
is made for preventing further liability only by filing the
report; and by so doing the directors would not be re-
leased from liability already incurred.   When the liability
has once attached it remains fixed and permanent, and
no way of escaping its consequences is provided.    To
hold the trustees in no way responsible for the default
liable to the statutory penalty would in our judgment be
an interpretation that would result most disastrously to
corporations in general, and be repugnant to the general
policy of the act, which is to prevent individual liability.
Such a construction would most effectually deter prudent
men from assuming the management of the corporate
business in case the affairs of the corporation should
become involved, as the result of business depression,
improvident, reckless or criminal conduct on the part of
the previous board of directors.    A better and safer con-
struction is that which limits the liability to the trustees
chargeable with the neglect of duty. · If we construe the
phrase "all the directors or trustees," as used in the
statute, to refer to such directors or trustees only as are
chargeable with the default, no violence is done to the
language used, a more reasonable result will be reached,
and one that is fully supported by precedent.

The New York statute reads: "All the trustees of the
company shall be jointly and severally liable for all the
debts of the company then existing, and for all that shall
be contracted before such report shall be made."

A comparison of the two acts shows that the statutes

are, so far as the liability of the officers is concerned, practically the same, with the single exception of the limitation as to the time within which the debts must have been contracted, found in the Colorado law. The New York statute has been frequently under review by the courts of that state, and the construction universally placed upon it will be found to be in full accord with the conclusions we have reached. In fact, the precise point involved in this suit was decided in *Boughton v. Otis*, 21 N. Y. 261, as will be seen from the following extract from the opinion of the court: "The corporation had a board of three trustees who were in office on the 1st of January, 1857, and they neglected, in that month and afterwards, to make a report as required by the act. Two of them went out in March, 1857, and were succeeded by two others. The defendant Otis is one of the latter, and he has demurred to the complaint. This suit was brought before the close of that year to recover an indebtedness represented in two notes. One of the notes is averred to have been given on the 8th of April, 1857, for goods sold by the plaintiff to the company prior to the 1st of January preceding, and the other was given in July for goods alleged to have been sold between the 8th of January and the 5th of May, 1857. These averments fail to show that any part of the debt accrued prior to the time in March when the change of trustees took place. Consistently with the allegation, the portion represented in the note last given might all have accrued in the month of January. The trustees chosen in March, therefore, were not liable to pay for any portion of the goods." A similar conclusion is also reached in the case of *Quarry Co. v. Bliss*, 27 N. Y. 299. The facts alleged in the complaint in the case at bar are identical with those appearing in the case of *Boughton v. Otis*, *supra*. Neither of the appellees was in office at the time the debt was contracted, nor during any portion of the sixty days from the 1st day of January, A. D. 1885,

within which the certificate should have been filed in order that the default might have been prevented. Therefore, under the construction which has been given the statute, the complaint failed to state facts sufficient to constitute a cause of action against appellees, and the district court properly sustained the demurrers thereto. Judgment affirmed.

*Affirmed.*