TRACKMAN v. THE PEOPLE.

22    83
f36   426

1. CONSTITUTIONAL LAW—TITLE OF ACT.

Where the subject of an act is clearly expressed in its title, it is unnecessary to express therein that acts or parts of acts inconsistent with its provisions are to be repealed.

2. EVIDENCE—COMPETENCY OF WITNESSES—STATUTE REPEALED.

So much of section 944, General Statutes, as disqualified witnesses on account of conviction for crime, was repealed by the act of 1883. One convicted of a felony is a competent witness in a criminal case as well as in a civil action, whose credibility is a matter for the jury to determine.

*Error to the District Court of La Plata County.*

Mr. F. C. PERKINS and Mr. G. T. SUMNER, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. F. P. SECOR, of counsel, for the People.

MR. JUSTICE GODDARD delivered the opinion of the court.

The plaintiff in error was convicted of the crime of forgery and sentenced to imprisonment in the penitentiary for the term of twenty-seven months. To reverse this sentence he brings the case here on error.

The only error assigned is the ruling of the court below allowing the witness Arthur Farr to testify, over the objection of plaintiff in error, he having been convicted of the crime of burglary, and at the time of giving his testimony was undergoing a sentence therefor in the state penitentiary. The objection to this testimony was predicated upon section 944 of the General Statutes of 1883, which provides:

"Each and every person who may be convicted of the crime of * * * burglary * * * shall be deemed infamous, and shall be therefore incapable * * * of giving testimony."

This objection therefore presents for our consideration the question whether that statute is in force so far as it provides that a person convicted of any of the crimes enumerated is incompetent to give testimony. This provision was originally enacted in 1861, and remained in force until the act of 1870 (except in so far as it was limited by section 10 of article 7 of the constitution), which removed the disability of a convicted felon so far as to render him a competent witness in civil cases. *Palmer v. Hanna*, 6 Colo. 55.

In 1883 an act was passed entitled, " An Act Relating to the Competency of Witnesses in Civil Action and Criminal Prosecution, and Other Judicial Proceedings, and to Repeal Certain Sections of Chapter One Hundred and Four of the General Laws of the State of Colorado," and which enacts:

"SECTION 1. All persons without exception, other than those specified in the next three sections, and in the second, third, fourth, seventh and eighth sections of chapter one hundred and four of the general laws, may be witnesses. Neither parties nor other persons who have an interest in the event of an action or proceeding shall be excluded; nor those who have been convicted of crime; * * * but the conviction of any person for any crime, may be shown for the purpose of affecting the credibility of such witness;" etc.

" SEC. 5. Sections one, five and six, of chapter one hundred and four of the general laws of the state of Colorado, and all acts and parts of acts in conflict herewith, are hereby repealed." Gen. Stats. 1883, pp. 1062 and 1063.

It is contended by plaintiff in error that, by reason of its title, the latter act was limited in its repealing force to the specified sections of chapter 104, and did not in any way affect or repeal section 944 of the General Statutes of 1883, notwithstanding in express terms it attempted to repeal all acts or parts of acts in conflict therewith, since to give such an effect to the act would be to defeat, by indirection, section 21 of article 5 of the constitution, which provides:

" No bill * * * shall be passed containing more than one subject, which shall be clearly expressed in its title; but if

any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

In this view we cannot concur. It is not necessary, in order to conform to this constitutional requirement, to state in the title the effect of the subject-matter of the act in repealing some prior law, since the repeal of a prior law is necessarily connected with the subject-matter of the new law on the same subject; and a repealing section in the new statute is valid, notwithstanding the title is silent as to such repeal. The act of 1883 contained but one subject, which was clearly expressed in its title, to wit, the competency of witnesses in civil and criminal prosecutions; and the subject-matter of the act relates only to the subject so expressed, and hence is in conformity to the constitutional requirement. Therefore, the rule that it affirmatively enacts in regard to the competency of witnesses must prevail as against all prior legislation repugnant thereto, and effectually repeal such statutes, although not among those specifically enumerated in its title.

We think, therefore, that the act of 1883 repeals so much of section 944 of the General Statutes as disqualified witnesses on account of conviction for crime, and the witness Farr was a competent witness, whose credibility was exclusively a matter for the jury to determine. This being the only error relied on, the judgment and sentence of the court below must be affirmed.

*Affirmed.*