[No. 5458.]
[No. 3128 C. A.]

## CAVANAUGH v. PATTERSON ET AL.

1. **Corporations—Annual Reports—Failure to File—Liability of Directors—Statutory Construction.**

Mills' Ann. Stats, § 491, provided that domestic corporations should annually, within sixty days from the first day of January, make, and file with the recorder of the county where the business was carried on, a report containing certain facts, and, for a failure so to do, that the directors should be liable for debts created during the year next preceding the time when such report should have been filed, and until it was filed, unless the capital stock had been fully paid in and a certificate to that effect had been filed. Held, that the directors of a corporation which had filed no certificate of paid-up stock are personally liable for indebtedness incurred during their administration where the corporation is in default for failure to file an annual report. —P. 161.

2. **Same.**

The fact that a director of a domestic corporation did not become such until after the expiration of the period when the corporation's annual report should have been filed, as required by Mills' Ann. Stats., § 491, does not relieve him from liability for indebtedness incurred during his administration while the corporation continued in default.—P. 161.

3. **Statutory Construction—Repeal of Statute—Effect—Saving Clause.**

The general rule that, where a statute imposing a liability is repealed by a subsequent act containing no saving clause, all rights under the repealed statute are lost, is abrogated by Sess.

Laws 1891, p. 366, § 1, which provides that the repeal of a statute shall not effect any penalty or liability incurred thereunder, unless the repealing act shall so expressly provide.— P. 162.

4. Corporations — Directors — Annual Reports — Statutory Construction—Repeal of Statute.

Sess. Laws 1891, p. 366, § 1, provides that the repeal of any section of any statute shall not effect in whole or in part any .penalty, -forfeiture, or liability which shall have been incurred before the repeal, unless the repealing act shall so expressly provide. Held, that Sess. Laws 1901, c. 52, § 11, repealing without a saving clause Mills' Ann. Stats., § 491, which imposes a liability on directors of a corporation for failing to file an annual report, is not in any sense inconsistent with the general saving statute of 1891, and therefore does not preclude an enforcement of liabilities incurred under the repealed section.—P. 162.

5. Appellate Practice—Exceptions in Trial Court—Assignments of Error—Necessity.

In the absence of an exception taken to the finding of the trial court and an assignment of error thereon, such finding cannot be reviewed on appeal; however, when there appears to be merit in the contention, on reversal the appellate court will not direct judgment, but will remand for a new trial.—P. 163.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Frank W. Owers, Judge.*

Action by Edward J. Cavanaugh against Frank G. Patterson and Samuel B. Taggart. From a judgment for defendants, plaintiff appeals.

*Reversed and remanded.*

Messrs. SKELTON & MORROW, for appellant.

Mr. JOHN R. SMITH, for appellees.

The question presented by this appeal is the liability of directors of a corporation for indebtedness incurred thereby after the lapse of the period when, in accordance with the provisions of § 491,

Mills' Ann. Stats., such corporation should have filed its annual report. This section, as it existed at the time when such indebtedness was created, provided, in substance, that every such corporation shall annually, within sixty days from the first day of January, make and file with the recorder of deeds of the county where its business is carried on, a report, stating the amount of its capital and the proportion thereof actually paid in, together with a statement of its existing indebtedness. The section further provides that the failure to file such report within the time specified renders the directors of the defaulting corporation jointly and severally liable for the debts of such corporation created during the year next preceding when such report should have been filed and until it is filed, unless the capital stock of the corporation has been fully paid in and a certificate to that effect filed, as provided in § 487, *Ibid.*

In 1894 The Fish Creek Gold Mining and Land Company was incorporated under the laws of this state, and on the 8th day of March, 1901, its certificate of incorporation was amended by changing the name to The Freeland Mercantile and Mining Company. No certificate of full paid-up stock was filed, as provided by § 487, nor was the annual report, required by § 491, made and filed. On March 13th, 1901, the corporation created an indebtedness of $1,000. Suit was brought thereon by appellant against the appellees. The court found as a fact, in addition to those above recited, that appellees were directors of the corporation at the time the indebtedness sued upon was created, and specifically, that Mr. Taggart had been such director from February 5th, 1901, and Mr. Patterson from March 8th, 1901, but determined as a conclusion of law, that the defendants were not liable. The plaintiff appeals.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The report for 1901 was due sixty days from the first day of January of that year. Directors of a domestic corporation during the period it is in default, in failing to file the annual report required by the statute, become personally liable for the indebtedness incurred by such corporation during that period. The statute in question has been so construed in numerous decisions of the court of appeals and this court, among which we cite *Colo. Fuel & Iron Co. v. Lenhart,* 6 Colo. App. 511; and *Austin v. Berlin,* 13 Colo. 198. New York has a similar statute, and the courts of that state have given it a similar construction.—*Boughton v. Otis,* 21 N. Y. 261; *Shaler & Hall Quarry Co. v. Blies,* 27 N. Y. 297.

From our conclusion under the facts we are considering both defendants were liable, and the district court erred in holding to the contrary. No certificate of paid up stock was filed. The annual report required by the statute had not been filed when the indebtedness sued upon was created, and both defendants were directors of the debtor corporation at this time. The fact that Mr. Patterson was not a director until after the expiration of the period when the annual report for 1901 should have been filed did not relieve him from the liability imposed by the statute, for indebtedness incurred thereafter under his administration while the corporation was in default. The duty devolved upon him, when he became a director, to see that the law with respect to the filing of the annual report was obeyed, and having neglected this duty, he became liable for the penalties imposed by the statute for this neglect.

April 6, 1901, the general assembly passed an act providing for a different kind of report than that mentioned in § 491, and by this act repealed that

section, without any saving clause as to penalties which had attached thereunder.—Section 11, Laws 1901, p. 121. Counsel for defendant urges that because there was no saving clause to the repeal of .§ 491, that, therefore, all rights under this statute fell with its repeal. This is the general rule, but it has been abrogated by statute passed in 1891 (Laws 1891, p. 366), which provides, that:

"The repeal, revision, amendment or consolidation * * * of any * * * section * * * of any statute shall not have the effect to release, extinguish, alter, modify, or change, in whole or in part, any penalty, forfeiture, or liability, either civil or criminal, which shall have been incurred under such statute, unless the repealing, revising, amending or consolidating act shall so expressly provide; * * *"

This act does not attempt to interfere in any manner with future legislation, but provides that the repeal of a statute prescribing a penalty shall not prevent a recovery of such penalty unless the repealing statute so provides. Its purpose was to save the right to penalties incurred when the repealing statute was silent on that question, and hence, by virtue of its provisions, the repeal of a statute imposing penalties under certain conditions, without any saving clause, does not prevent the recovery of such penalties when it appears that the repeal and subsequent statute are not inconsistent with its purpose. —*Wilson v. People*, 85 Pac. 187; 36 Colo. 418; *State v. K. C., Ft. S. & G. R. Co.*, 32 Fed. 722.

The new act providing for reports of corporations merely goes more into detail as to what corporations shall file such reports, and what they shall contain. It is entirely silent with respect to the effect of repealing § 491 on penalties incurred there-

under, but relates to the same general subject which that section covers, provides penalties for failure to file the reports thereby prescribed, is in no sense inconsistent with the general saving statute of 1891, and indicates no intent on the part of the legislature to interfere with any rights which attached under § 491 prior to its repeal and the enactment of a substitute. We are, therefore, of the opinion that the right to recover the penalties incurred by the defendants from their failure to file the annual report of the corporation of which they were directors, was saved by that statute.

Counsel for appellees challenges the finding of the trial court as to the dates when they became directors. It appears to be conceded that Mr. Taggart became a director on March 5th, 1901, and therefore, for reasons already stated, it is immaterial whether he became a director on that date instead of February 5th preceding, as found by the court. On behalf of Mr. Patterson, it is contended that he did not become a director until May 1st, 1901. Of course, if that is true, under our construction of the statute he would not be liable, because the indebtedness sued upon was incurred before that date— *Austin v. Berlin, supra;* but we are precluded from investigating the question of the date when, according to the evidence, he became a director, because no exception was taken to the finding of the trial court on this issue, nor cross-error assigned thereon. It appears, however, that there may be some merit in the claim on behalf of Mr. Patterson, that he did not become a director until May 1st, 1901, and we therefore decline to direct the trial court to enter judgment against the defendants, as requested by counsel for plaintiff, but shall remand the cause for a new trial as to both defendants.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.