## No. 26777

**Edwin A. Pena Lopez and Benjamin Salgado v. Motor Vehicle Division, Department of Revenue, State of Colorado**

(538 P.2d 446)

Decided July 14, 1975. Rehearing denied August 5, 1975.

Stitt, Wittenbrink and Roan, P.C., Richard M. Borchers, John J. Husson, Earl W. Shaffer, for plaintiffs-appellants.

John P. Moore, Attorney General, John E. Bush, Deputy, Arthur G. Staliwe, Special Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Following separate hearings for appellants Lopez and Salgado, it was determined that each had accumulated eight points on their driving records. The Motor Vehicle Division, as authorized by statute, suspended their driving licenses. They then instituted an action in district court pursuant to C.R.C.P. 106, challenging the action of the division. The district court granted summary judgment in favor of the Motor Vehicle Division, and from this judgment, Lopez and Salgado bring this appeal. Their assertions of error are without merit. The judgment of the district court is therefore affirmed.

Appellant Lopez, a resident of Puerto Rico, is stationed at Fort Carson, Colorado, under official orders of the United States Army. On August 28, 1973, he received a citation in Pueblo for violation of section 15-6 of the Pueblo Traffic Code. He forfeited bond on October 23, 1973. In November of the same year, he received a penalty assessment ticket for speeding, and paid a fine. At the time of these citations, appellant Lopez was 19 years old.

Appellant Salgado is a resident of Ohio and is also stationed at Fort Carson on official United States Army orders. He received two penalty assessment tickets in 1973 for speeding, and paid a fine for each violation. At the time of these citations, appellant Salgado was 20 years old.

Under the terms of Colo. Sess. Laws 1973, ch. 70, 13-4-23(1)(a) at 270,[1] the department has the authority to suspend the license of any provisional driver (a driver between the ages of 18 and 21) who has accumulated eight points within any twelve consecutive months, although the license of an operator who has attained the age of 21 is not suspended unless that operator accumulates 12 points within any consecutive twelve months, or 18 points in any consecutive 24 months. C.R.S. 1963, 13-4-23(8),[2] provides for the holding of a hearing to determine if the licensee had accumulated sufficient points to justify suspension.

Colorado law exempts nonresident servicemen on active duty from obtaining a Colorado driver's license if the serviceman possesses a valid driver's license issued by his state of domicile. 1965 Perm. Supp., C.R.S. 1963, 13-4-2(1)(h).[3] Appellant Lopez possesses a valid driver's license issued by Puerto Rico, and appellant Salgado possesses a valid driver's license issued by Ohio.

I.

The first contention raised by both appellants is that the appellee Division's failure to notify appellant's parents vitiated the hearings. Colo. Sess. Laws 1973, ch. 69, 13-4-7 at 266, which was in effect at the time of the hearings in this case, provided:

". . .Whenever any minor to whom an instruction permit or minor operator's or provisional operator's license has been issued is required to ap-

---

[1]Now section 42-2-123(1)(a), C.R.S. 1973.
[2]Now section 42-2-123(8), C.R.S. 1973.
[3]Now section 42-2-102(1)(d), C.R.S. 1973.

pear before the department for a hearing pursuant to any provision of this article, such minor shall be accompanied by the person who signed the application of such minor or in lieu of such attendance a verified statement signed by such person under oath certifying that he is . . . unable to attend the hearing."

Appellants argue that the statute requires that notice be given to the persons who signed the application for the minor. However, the statute does not provide for notice; it merely requires that the person who signed the application attend the hearing. Notice is covered in C.R.S. 1963, 13-4-23(8),[4] which provides that the motor vehicle department must notify the licensee, but does not provide for notice to the person who signed the application for the minor.

It is not contested that the Division gave proper notice to the appellants of the hearing. This notice satisfied the requirements of the statute.

The statute only requires that the licensee be accompanied at the hearing by the person who signed the application of the minor, unless that person submits a verified statement. However, appellants have never been required to apply for licenses in the State of Colorado, by virtue of 1965 Perm. Supp., C.R.S. 1963, 13-4-2(1)(h).[5]

 Accordingly, since appellants have never been required to submit an application for a license in Colorado, and since no person was required to sign their applications, no one is required to attend the hearing other than the appellants themselves.

## II.

Appellant Lopez argues that he was issued a ticket on August 28, 1973 which contained no statement of rights or any indication that a bond forfeiture would lead to the assessment of points against his driving privileges, and a possible loss of the right to drive. Lopez was given a citation for disregarding a flashing signal in the City of Pueblo. The written summons which he was given contained his name and address, the number of his driver's license, the offense charged, the time and place to appear at court, and a place for appellant to execute his promise to appear. Appellant signed the promise to appear. Also, clearly printed on the summons was the statement:

"Failure to appear constitutes a separate offense and will cause a warrant for your arrest to be issued."

Appellant Lopez forfeited a bond of $15 on October 23, 1973. He asserts that due process requires that notification be given to those who have the option of forfeiting bond to inform them of the ramifications of such failure.

 In the recent case of *Vigil v. Motor Vehicle Division*, 184 Colo. 142, 519 P.2d 332, (1974), we indicated that

---

[4]Now section 42-2-123(8), C.R.S. 1973.
[5]Now section 42-2-102(1)(d), C.R.S. 1973.

"The requirements of due process in relation to warnings are satisfied by the notice which is given licensees through publication of the statutes. A licensee . . . is presumed to know the law regarding his use of the public highways."

C.R.S. 1963, 13-5-139(2), as amended, Colo. Sess. Laws 1972, ch. 100, 13-5-139(2) at 585,[6] provides:

"Within ten days after the conviction or forfeiture of bail of a person upon a charge of violating any provision of this article or other law regulating the operation of vehicles on highways the judge or clerk of the court in which such conviction was had or bail was forfeited shall prepare and immediately forward to the department an abstract of the record of said court covering the case in which said person was so convicted or forfeited bail, which abstract must be certified by the person so required to prepare the same to be true and correct."

Furthermore, Colo. Sess. Laws 1973, ch. 69, 13-4-23(6)(b), at 267, [7] in effect at the time this appellant forfeited bail, provided:

"For the purposes of this article, a plea of no contest accepted by the court or the forfeiture of any bail or collateral deposited to secure a defendant's appearance in court as evidenced by records forwarded to the department in accordance with the provisions of section 13-4-21 shall be considered as a conviction."

These statutes give appellant notice of the ramifications of his failure to appear and the forfeiture of his bond. Appellant's due process contention is therefore without merit.

### III.

Appellant Salgado asserts that his hearing was tainted by the hearing officer's consideration of an outstanding ticket for a traffic violation, although the traffic violation ticket was not yet in appellant's record. The ticket was brought to the attention of the hearing officer by appellant's response to the officer's question whether he had any outstanding tickets.

█ The function of the hearing examiner in this situation is purely ministerial, and the strict rules of evidence followed in civil and criminal actions are not here applicable. *Campbell v. People*, 176 Colo. 202, 491 P.2d 1385 (1971).

█ Even excluding the contested ticket, appellant had accumulated eight points within a twelve month period. By statute, this gives the Department of Revenue authority to suspend the operator's driving privilege when this number of points is accumulated. Appellant Salgado's privilege was suspended for three months, although the statute allows suspension for a period up to a year. Colo. Sess. Laws 1973, ch. 69, 13-4-24(1) at 268.[8] Clearly then, the hearing examiner did not abuse his discretion, and his ruling is in accord with substantial justice. C.R.C.P. 61.

---

[6]Now section 42-4-1510(2), C.R.S. 1973.
[7]Now section 42-2-123(6)(b), C.R.S. 1973.
[8]Now section 42-2-124(1), C.R.S. 1973.

## IV.

Both appellants assert that they have been denied the equal protection of the laws in violation of the Fourteenth Amendment because Colorado allows drivers in the age group of 18 to 21 years to accumulate only 8 points prior to suspension, while drivers over 21 years are allowed 12 points before their licenses are suspended.

In *People v. Brown*, 174 Colo. 513, 485 P.2d 500 (1971), this court considered the contention that there is an inalienable right to the use of Colorado's highways:

". . .this Court has clearly held that such right might be limited by a proper exercise of the police power of the state upon a reasonable relationship to the public health, safety and welfare.".

Appellants assert that there is no reasonable relationship to the public health, safety and welfare of Colorado in the different treatment. They submit statistical analyses of all accidents in Colorado in 1973, analyzed by age. As we view this statistical information, it fully justifies the different treatment mandated by the legislature.

Drivers in the age group of 18 and 19 were issued 5.67% of all outstanding licenses. However, these same drivers were involved in 9.64% of all accidents and 10.28% of all accidents involving injury. These figures indicate that this age group produced 70% more accidents, and 81% more accidents involving injury than their proportionate share. The figures for drivers in the 16-17 age group, (who are allowed only 4 points in any twelve month period) were worse. All other age groups produced significantly better driving records than these two groups. These figures clearly support the determination by the legislature that drivers in these age groups demand closer supervision, to protect the public health and safety.

Appellants also assert that it is unreasonable for Colorado to treat them differently from their states of residence, where they are allowed the same driving privileges as older drivers. As repeatedly pointed out, the use of Colorado highways is a privilege strictly governed by statute. It has not been demonstrated that the legislature was in any way unreasonable or arbitrary in its classification.

The equal protection arguments raised by appellants have no merit.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.