## No. 26700

**The City of Westminster, a Home Rule City, and the City Council of the City of Westminster, Counties of Adams and Jefferson, Colorado v. Hyland Hills Metropolitan Park and Recreation District, a quasi-municipal corporation, and the Board of Directors of Hyland Hills Park and Recreation District**

(550 P.2d 337)

Decided May 24, 1976. Opinion modified and as modified rehearing denied June 21, 1976.

Stitt, Wittenbrink & Roan, P.C., James R. Stitt; Tallmadge, Tallmadge, Wallace & Hahn, David J. Hahn, for petitioners-appellants.

Albert T. Frantz, William Pehr, for respondents-appellees.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a trial court order denying a petition by the city of Westminster (the city) for exclusion from the Hyland Hills Metropolitan Park and Recreation District (the district). We affirm.

The district was formed in 1955 in order to serve the recreation needs of its inhabitants. At the time the city covered an area of approximately two square miles. In July 1972, when the instant petition was filed, the city had grown to approximately fifteen square miles as a result of a series of annexations which took in territory served by the district.

Recreation facilities had been located throughout the district apparently without regard to political boundaries. Its major revenue producing assets are a golf course, ice skating arena and a recreation complex including a sizeable swimming pool.

The city sought exclusion pursuant to 1965 Perm. Supp., C.R.S. 1963, 89-16-3,[1] which in pertinent part provides:

"*Conditions necessary for exclusion.* (1)(a) The court shall order the territory described in the petition excluded from the special district if the following conditions are met by the parties to the proceedings:

"(b) The municipality provides, at the time the petition is filed, essentially the same service as is provided by the district.

"(c) The governing body of the municipality agrees, by resolution, to provide the service provided by the special district to the area described in the petition within one year from the effective date of the exclusion order.

"(d) The quality of the service to be provided by the municipality will not be lower than the service provided by the district in the territory described in the petition for exclusion. The quality of service shall be a question of fact, and the court's determination shall not be overruled unless clearly arbitrary and capricious. . . ."

By amended order, the trial court ruled that the city did not provide at the time the petition was filed (nor could it provide within one year from the date of exclusion) recreation services of sufficient quality to meet the requirements of the statute. The court also concluded that the city's withdrawal from the district, at the time the order was entered, would be detrimental to both the citizens of the municipality and the district. It

---

[1]Now section 32-1-304, C.R.S. 1973 (amended version).

560

would not only deprive the municipal citizens of these rather elaborate recreation opportunities with no comparable replacement, but would destroy the district tax base for operational revenue.

## I.

Subsection 89-16-3(1)(b) was repealed by the 1973 legislature after the petition was filed but *prior* to the trial court's amended order.

The city argues that the 1973 version of the statute is applicable; in other words, that neither the trial court, nor this Court, should consider whether the city provides "essentially the same service" as does the district. We reject the city's contention and hold that the requirement set forth in subsection (1)(b) is applicable. Repealed statutory provisions remain in force insofar as pending actions, suits, proceedings or prosecutions are concerned. *People in the Interest of M.K.A.*, 182 Colo. 172, 511 P.2d 477 (1973); *Martinez v. People*, 174 Colo. 365, 484 P.2d 792 (1971); *State v. McMillin*, 150 Colo. 23, 370 P.2d 435 (1962). Also see C.R.S., 135-1-7.[2]

## II.

The city argues that the trial court misinterpreted the purpose and intent of the statute: that there is no requirement that the city duplicate all of the district's services and facilities in order to be eligible for exclusion.

The record reflects that, in addition to providing the swimming, ice skating and golf facilities mentioned above, the district offers a recreation program with classes in a wide variety of sports as well as art activities. Testimony offered on behalf of the city indicated that, at the time the petition was filed, the only recreation facilities furnished by the city within its corporate limits were several parks with two tennis courts and some playground equipment. While city council did adopt, five months *after* the petition was filed, a master plan for the development of recreation programs, the record reflects that these plans could not be implemented until well after the one year statutory time limit. See section 89-16-3(1)(c).

The city contends that our holding in *City Council of Greenwood Village v. Board of Directors of South Suburban Metropolitan Recreation and Park District*, 181 Colo. 334, 509 P.2d 317 (1973), mandates the granting of its exclusion petition. We disagree. In *Greenwood* we faced a distinctly different situation. We affirmed the trial court's exclusion order in that case after determining that it did not matter whether the municipality contracted with others to provide recreation services or provided those services themselves. In significant contrast to the present case, Greenwood Village sponsored and provided by contract a full array of recreation services, facilities and programs. Unlike the case now before us, the municipality was able to offer services comparable in both quantity

[2]Now section 2-4-303, C.R.S. 1973.

and quality to those offered by the recreation district.

We further note that this case does not fall within the purview of the exclusion statute's express legislative purpose: to avoid the overlapping of services and double taxation. 1967 Perm. Supp., C.R.S. 1963, 89-16-9.[3]

■ The trial court's findings and conclusions, moreover, are amply supported by the record, are not arbitrary and capricious, and therefore require affirmation by this Court. 1965 Perm. Supp., C.R.S. 1963, 89-16-3(1)(d).

In view of our determination that the petition was properly denied, we need not address the city's contention that the trial court erred in not ordering disposition of the district's assets.

Judgment affirmed.

MR. JUSTICE KELLEY does not participate.

---

[3]Now section 32-1-301, C.R.S. 1973.