## No. 27066

**Sebastian Salvatore Augustino v. Colorado Department of Revenue, Motor Vehicle Division**

(565 P.2d 933)

Decided June 6, 1977.

Dan Stormer, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Arthur G. Staliwe, Special Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The appellant appeals the decision of the district court affirming the revocation of his driver's license under the Colorado implied consent law, section 42-4-1202, C.R.S. 1973. He bases his appeal on the grounds that: (1) he did not knowingly refuse to take an intoxication test and (2) section 42-4-1202(3)(e) violates his right to equal protection. We find his arguments to be without merit and therform affirm.

The appellant was arrested in January 1975, for a traffic offense, and he refused to take an intoxication test. An administrative hearing was held to determine whether the appellant's license should be revoked.

The police officers testified that, because he smelled strongly of alcohol and had trouble controlling his gait and articulating, they advised the appellant of his *Miranda* rights and then took him to the police station. At the station, they again read the appellant his *Miranda* rights and informed him of his rights as required by section 42-4-1202(3)(b). The officers testified further that the appellant had been belligerent and had displayed a totally uncooperative attitude. He refused to listen to the recitation of his rights, to read or sign the implied consent form, and to take any intoxication test.

The appellant testified that he had refused to cooperate because he had asked for a lawyer before signing anything, and the police had denied the request. The appellant testified freely.

The hearing officer questioned the officers as to whether the appellant might have been confused between the *Miranda* rights and the implied consent rights. She found that a preponderance of the evidence showed that the police officers had reasonable grounds to request that the appellant submit to an intoxication test. She further found that the appellant had been informed of his rights pursuant to section 42-4-1202(3)(b), that he had refused to take any test, and that he had failed to provide any evidence that taking the test would have been medically inadvisable. Therefore, she ordered that the appellant's license be revoked, as required by section 42-4-1202(3)(e).

Augustino appealed this ruling to the District Court of Otero County. The court affirmed, finding that the record, when considered as a whole, showed that the hearing officer's decision was neither arbitrary nor capricious.

## I.

█ The appellant argues that our decision in *Calvert v. Motor Vehicle Div.*, 184 Colo. 214, 519 P.2d 341 (1974), controls the outcome of this case. We disagree; *Calvert* is distinguishable on its facts. Calvert clearly manifested his desire for an attorney. In the appellant's case, one of the officers testified that

". . . he [the appellant] said he absolutely didn't want to have anything to do with any of them [the tests], he didn't even want to talk to us and from then on whenever we asked him a question he refused to answer, he just wouldn't even answer, when reading the thing [the implied consent form] or anything else. . . ."

The other officer testified that, when they had given the appellant the implied consent form to sign, he just threw it on the table and refused to have anything to do with it. There was no evidence that the appellant had asked for an attorney or that the officers had denied such a request.

The circumstances surrounding the administrative hearing in this case also do not fall within the ambit of the *Calvert* decision. In *Calvert*, the hearing officer did not consider the question as to whether Calvert might have been misled by the reading of his *Miranda* rights. In the appellant's case, the hearing officer did consider the question; and on review, the district court found the hearing officer's decision was not arbitrary or capricious. Additionally, we note that neither the appellant nor his counsel made any effort to request a continuance of the administrative hearing when it was apparent that counsel would not be present.

As there was substantial evidence to justify the hearing officer's decision and no abuse of discretion at the administrative hearing, we affirm the ruling of the district court. *Morrison Road Bar, Inc. v. Industrial Commission*, 138 Colo. 16, 328 P.2d 1076 (1958).

## II.

█ We hold that section 42-4-1202(3)(e) of the implied consent law, which mandates revocation of licenses of those drivers who refuse to take a blood alcohol test for intoxication but makes revocation discretionary for drunken drivers who take a test, does not violate the appellant's right of equal protection.

A person's right to drive an automobile in Colorado is an adjunct of his constitutional right to possess property, but the state may limit that right through proper exercise of its police power when the limitation is based upon a reasonable relationship to the public health, safety and welfare. *People v. Brown*, 174 Colo. 513, 485 P.2d 500 (1971), *appeal dismissed*, 404 U.S. 1007, 92 S.Ct. 671, 30 L.Ed.2d 656 (1972).

The purpose of the mandatory revocation penalty is "to encourage the suspected drunk driver to take a blood alcohol test voluntarily." *Calvert, supra,* 184 Colo. at 217, 519 P.2d at 343. The test assists in the prosecution of the drunken driver and the reduction of accidents, injuries and deaths on Colorado's roads. *People v. Brown, supra; Colorado Legislative Council Research Publication* No. 123, *Highway Safety in Colorado,* 37-46 (1966).

We quote with approval from *Walker v. Department of Motor Vehicles,* 274 Cal. App. 2d 793, 79 Cal. Rptr. 433 (1969), which concerned a similar mandatory revocation penalty in California's implied consent statute:

"We find no basis for appellant's contention that he is denied 'equal protection of the laws' in that the license suspension is automatic for the driver who refuses the test but discretionary for the driver who takes the test and is found to be under the influence of alcohol (Veh. Code § 13210).[1] "The Legislature had a sufficient reason for requiring a chemical test, and for providing a simple administrative sanction to enforce that requirement. The combination of criminal punishment and administrative sanctions which are imposed upon a person convicted of drunk driving (see Veh. Code, §§ 23102, 13210, 13352)[2] serve a different purpose and, in a particular case, may be more or less onerous than the sanction imposed under section 13353.[3]

"The classes are different. All who refuse the chemical test are subject to the sanction of section 13353,[4] and all who drive under the influence are subject to the penalties provided for that offense. A driver may fall into either class, or neither or both, and will receive the treatment which the law provides for the class or classes in which he places himself. . . ."

79 Cal. Rptr. 435. Other jurisdictions have followed this rationale. *Gablemen v. Hjelle,* 224 N.W.2d 379 (N.D. 1974); *Heer v. Department of Motor Vehicles,* 252 Or. 455, 450 P.2d 533 (1969).

The judgment of the district court is affirmed.

---

[1]Section 42-2-123(11), C.R.S. 1973, is substantively similar to the California statute. The Colorado statute provides that the department of motor vehicles may issue a probationary license to a person whose license has been suspended for driving while under the influence of intoxicating liquor.

[2]*Compare* section 42-2-123(1)(a) (department of revenue authority to suspend license of any driver convicted of traffic violations and accumulating requisite number of points; *see* section 42-2-123(5)(b)) and section 42-2-122(1)(g) and (i), C.R.S. 1973, (revocation of driver's license after multiple convictions of driving under the influence within a certain time period).

[3]*Compare* section 42-4-1202(3), C.R.S. 1973, which is substantially identical to the California statute.

[4]*Id.*