586 P.2d 233 (1978)
Harold E. GILBERT, Plaintiff-Appellant,
v.
Joseph F. DOLAN, Executive Director of Revenue, and the Department of Revenue, Hearing Section, State of Colorado, and the Motor Vehicle Division, Defendants-Appellees.
No. 77-763.
Colorado Court of Appeals, Division I.
June 22, 1978.
Rehearing Denied July 27, 1978.
Certiorari Denied November 6, 1978.
*234 Bruce A. Matas, Denver, for plaintiff-appellant.
John D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Lynne F. Ford, Asst. Atty. Gen., Denver, for defendants-appellees.
SMITH, Judge.
Plaintiff appeals from a judgment of the district court which affirmed an order of the Department of Revenue revoking his driver's license for a period of six months pursuant to the provisions of the implied consent law. Section 42-4-1202(3), C.R.S. 1973. We affirm.
Plaintiff first contends that the arresting police officer's initial stop of his vehicle and his request to plaintiff to get out of the car were unlawful. This contention fails to consider that a driver's license revocation hearing is not governed by the rules of procedure applicable in a criminal action. Campbell v. Colorado, 176 Colo. 202, 491 P.2d 1385 (1971); Johnson v. Motor Vehicle Division, Colo.App., 566 P.2d 488 (1976). The arresting officer's observations as to the manner in which plaintiff was operating the vehicle were sufficient to justify the initial stop. See Stream v. Heckers, 184 Colo. 149, 519 P.2d 336 (1974).
Plaintiff also asserts that the evidence failed to establish reasonable grounds to believe that he was driving while under the influence of alcohol and hence justification for the officer's request that he submit to a chemical test as required by Vigil v. Motor Vehicle Division of the Dep't of Revenue, 184 Colo. 142, 519 P.2d 332 (1974). We disagree. Plaintiff's erratic driving coupled with the strong odor of alcohol on his breath, his slurred speech, staggered walk, and other indicia of intoxication which were obvious to the officer, were sufficient to justify his arrest and the subsequent request to take a chemical test. See Thorp v. Department of Motor Vehicles, 4 Or.App. 552, 480 P.2d 716 (1971).
Plaintiff's further contention that § 42-4-1202(3)(a), C.R.S.1973, requires that a driver must have committed a misdemeanor offense relating to the operation of a motor vehicle separate and distinct from the offense of driving while under the influence of, or impaired by, alcohol before submission to a chemical test may be requested, was addressed and resolved against plaintiff's position in Johnson v. Motor Vehicle Division, supra. The holding of Johnson is dispositive here.
Plaintiff also contends that the evidence does not support a determination that the advisement procedures complied with the requirements of the statute and Cantrell v. Weed, 35 Colo.App. 180, 530 P.2d 986 (1974). He bases his assertion on alleged vagueness and contradictions in the testimony resulting from the arresting officer's inability to recollect precisely the manner in which, and place where, the advisement form was offered to plaintiff.
Contradictions in the officer's testimony affect only his credibility. See Bein Farms, Inc. v. Dale, 137 Colo. 424, 326 P.2d 72 (1958). Where, as here, the officer testified unequivocally that he read the advisement form to plaintiff and offered him the opportunity to read it for himself but that plaintiff refused to do so, the evidence was sufficient to support the hearing examiner's finding that plaintiff was properly advised. *235 See Cantrell v. Weed, supra. Hence, that determination may not be disturbed on judicial review. Dolan v. Rust, Colo., 576 P.2d 560 (1978).
Finally, plaintiff asserts that the charge of driving under the influence, filed as a result of the incident at issue here, was dismissed and that, therefore, pursuant to § 42-2-122(3), C.R.S.1973, he is entitled to reinstatement of his license.
Section 42-2-122, C.R.S.1973, provides for mandatory revocation of a driver's license in the event of conviction for various specified traffic offenses and also for refusal to submit to a chemical test pursuant to § 42-4-1202(3), C.R.S.1973. Section 42-2-122(3), C.R.S.1973, provides, insofar as pertinent:
"Should a driver who has had his license revoked under this section be subsequently acquitted of such charge by a court of record, the department shall forthwith. . . reinstate said license to the driver affected." (emphasis supplied)
Contrary to plaintiff's contention this provision is inapplicable here.
Plaintiff's license was revoked as an administrative sanction to enforce the requirement of submission to a chemical test. Augustino v. Colorado Dep't of Revenue Motor Vehicle Division, Colo., 565 P.2d 933 (1977). The revocation was not a part of any criminal proceeding arising from a charge of driving while under the influence of alcohol, Augustino, supra; rather, it was done pursuant to the provisions of § 42-4-1202(3)(e), C.R.S.1973. Dismissal of the criminal charge has, therefore, no effect upon the revocation of plaintiff's license. Vigil v. Motor Vehicle Division, supra. Hence, he is not entitled to reinstatement under the above-quoted statute.
Judgment affirmed.
COYTE, J., concurs.
BERMAN, J., dissents.
BERMAN, Judge, dissenting:
Respectfully, I dissent.
The majority offers no tenable justification for holding § 42-2-122(3), C.R.S.1973, inapplicable here. That subsection mandates that "the department shall forthwith. . . reinstate" the license of a driver "who has had his license revoked under this section" and who has been "subsequently acquitted of such charge." (emphasis added)
Here, because of his refusal to submit to a chemical sobriety test, plaintiff's license was revoked pursuant to a subsection of that statute, § 42-2-122(1)(j), C.R.S.1973. That the charges here were dismissed, rather than rejected by a trier of fact, is without significance in my view. Consequently, I would hold that the plaintiff is entitled to reinstatement of his license on the department's receipt of notice of that dismissal.