**No. 28276**

**Wayne Richard Noe v. Joe Dolan, Director Department of Revenue, Division of Motor Vehicles, State of Colorado**

(589 P.2d 483)

Decided January 22, 1979.

Charles P. Miller, P.C., for plaintiff-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Susan P. Mele-Sernovitz, Assistant, for defendant-appellee.

*En Banc*

MR. JUSTICE LEE delivered the opinion of the Court.

Plaintiff appeals from a judgment of the district court, which affirmed an order of the department of revenue revoking his driver's license for a period of six months required under the provisions of the implied

consent law. Section 42-4-1202(3), C.R.S. 1973. We affirm the judgment.

At approximately 9:30 p.m. on October 14, 1976, plaintiff was arrested for driving while under the influence of intoxicating liquor. He was taken to the Aurora Police Department where he refused to submit to the statutorily authorized chemical tests for the purpose of determining the alcohol content of his blood. Pursuant to section 42-4-1202(3)(e), C.R.S. 1973, plaintiff was given notice to appear before the department of revenue to show cause why his operator's license should not be revoked. After an evidentiary hearing, the hearing officer made findings adverse to plaintiff and ordered that his license be revoked for a period of six months.

Plaintiff sought review in the district court, which found that on the record the department did not act in excess of its jurisdiction or abuse its discretion. Accordingly, the order of revocation was affirmed.

## I.

■ Plaintiff contends that the findings of the hearing officer regarding the adequacy of the advisement of rights under the implied consent statute and plaintiff's unjustified refusal to take any test were arbitrary and capricious. In order for a reviewing court to set aside a decision by an administrative agency on the ground that it is arbitrary or capricious pursuant to section 24-4-106(7), C.R.S. 1973, the court must find that there is no competent evidence in the record as a whole supporting the agency's decision.

■ Our review of the record of proceedings satisfies us that there is competent evidence supporting the hearing officer's determination that plaintiff was adequately advised and was unjustified in refusing to submit to a chemical sobriety test. The determination may not be disturbed on judicial review. *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978); *Gilbert v. Dolan,* 41 Colo. App. 173, 586 P.2d 233 (1978). We find no abuse of discretion by the department of revenue.

## II.

Plaintiff's principal contention for reversal is that he should receive the benefit of an amendment to the implied consent law which has reduced the length of time an operator's license may be revoked for refusal to submit to a chemical test to determine the alcohol content of his blood. At the time of his hearing, section 42-4-1202(3)(e), C.R.S. 1973, provided for a six-month revocation of the driver's license of one who refused to submit to the test. During the pendency of this appeal, the penalty for refusal was reduced to a three-month revocation by Colo. Sess. Laws 1977, ch. 549, 42-4-1202(3)(e) at 1863.

In support of his contention, plaintiff relies on the principle enunciated in *People v. Thomas,* 185 Colo. 395, 525 P.2d 1136 (1974), and its progeny — that a defendant is entitled to the benefits of amendatory legislation when relief is sought before finality has attached to the judgment of conviction.

■ We do not agree that the principle enunciated in *People v. Thomas, supra,* is applicable to a driver's license revocation proceeding before the department of revenue for refusal to comply with the implied consent law. The rule announced in *Thomas* is limited to criminal cases only. The revocation of one's driver's license because of refusal to submit to a chemical sobriety test clearly is a civil administrative proceeding. No crime is involved. It is separate and distinct from a criminal action on a charge of driving while under the influence of intoxicants. *People v. Brown,* 174 Colo. 513, 485 P.2d 500 (1971).

In *People v. Thomas, supra,* while defendant's appeal was pending, he sought postconviction review of his sentence because the crime had been reclassified and the penalty reduced. Postconviction review was authorized by the Colorado Criminal Code when a defendant in good faith alleged:

"That there has been a significant change in the law, applied to appellant's conviction or sentence, requiring in the interests of justice retroactive application of the changed legal standard." 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f).[1]

Based on this criminal statute, this court remanded for resentencing, finding a legislative intent to effectuate uniformity in criminal sentencing wherever possible by applying changed legal standards wherever constitutionally permissible.[2]

■ The general rule in civil proceedings regarding amendatory legislation is that civil liability already incurred may not be changed by statute unless specifically so provided by the legislature. *City of Westminster v. Hyland Metropolitan Park and Recreation District,* 190 Colo. 558, 550 P.2d 337 (1976); *People in Interest of M.K.A.,* 182 Colo. 172, 511 P.2d 477 (1973); *State v. McMillan,* 150 Colo. 23, 370 P.2d 435 (1962); *Cavanaugh v. Patterson,* 41 Colo. 158, 91 P. 1117 (1907); *Eight Thousand West Corporation v. Stewart,* 37 Colo. App. 372, 546 P.2d 1281 (1976); *Monson v. Nelson,* 145 N.W.2d 892 (1966).

The rule is enunciated in Colorado's "general saving" statute, section 2-4-303, C.R.S. 1973:

"Penalties and liabilities not released by repeal. The repeal, revision, amendment, or consolidation of any statute or part of a statute or section or part of a section of any statute shall not have the effect to release, extinguish, alter, modify, or change in whole or in part any penalty, forfeiture, or liability, either civil or criminal, which shall have been incurred

---

[1] Now section 18-1-410(1)(f), C.R.S. 1973 (1975 Supp.).

[2] *See also* Crim. P. 35(b)(1)(VI), which provides for postconviction relief upon good faith allegation: "That there has been significant change in the law subsequent to July 1, 1972, applied to applicant's conviction or sentence, requiring in the interests of justice retroactive application of the changed legal standard."

under such statute, unless the repealing, revising, amending, or consolidating act so expressly provides, and such statute or part of a statute or section or part of a section of a statute so repealed, amended, or revised shall be treated and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings, and prosecutions, criminal as well as civil, for the enforcement of such penalty, forfeiture, or liability, as well as for the purpose of sustaining any judgment, decree, or order which can or may be rendered, entered, or made in such actions, suits, proceedings, or prosecutions imposing, inflicting, or declaring such penalty, forfeiture, or liability."[3]

■ In this case, where the legislature did not address the issue of retroactivity in amending the license revocation provision of the implied consent statute, the "general saving" statute is controlling.[4]

At oral argument, plaintiff's counsel stressed that because this is a "penalty" case the principle announced in *People v. Thomas, supra,* and its progeny should apply. The point was raised that regardless whether driving on this state's highways is considered a right or a privilege the serious consequences of revocation of one's driver's license warrants extending the benefit of the amendatory legislation.

This line of reasoning disregards the genesis of the decisions of the criminal cases as discussed above — the existence of the postconviction remedy statute providing for consideration of a significant change in the law upon review of a conviction of a crime. Here, such review is not afforded to one who fails to comply with the implied consent statute, section 42-4-1202(3)(e), C.R.S. 1973, because no crime is involved.

### III.

Finally, plaintiff attacks the constitutionality of the implied consent statute and the related mandatory revocation of license statute, 42-2-122(1)(j), C.R.S. 1973, on equal protection grounds. He argues that mandatory revocation of one's license for refusal to submit to a chemical test of his breath, blood, or urine, without providing for a probationary license, creates an arbitrary classification in light of section 42-2-123(11), C.R.S. 1973, which requires mandatory suspension of the license of one who accumulates a specific number of points but which allows for the issuance

---

[3] Where a criminal penalty is at issue, this court has consistently adhered to the principle enunciated in *People v. Thomas, supra,* that a defendant is entitled to the benefits of amendatory legislation when relief is sought before finality has attached to the judgment of conviction. This result is dictated by the legislative intent evidenced by the postconviction review remedy authorized by section 18-1-410(1)(f), C.R.S. 1973 (1975 Supp.) and its predecessor statute quoted above.

*Martinez v. People,* 174 Colo. 365, 484 P.2d 792 (1971), a case applying the "general saving" statute to a criminal penalty, was decided prior to the enactment of the postconviction review statute upon which *People v. Thomas* was based.

[4] *Precision Heating & Plumbing Inc. v. Board of Review,* 184 Colo. 346, 520 P.2d 109 (1974), is clearly inapposite. There, we restored a plumbing contractor's license after the statute under which it was suspended was declared unconstitutional.

of a probationary license. We find no merit in plaintiff's contention.

 It is fundamental that the privilege to use the highways of this state may be limited by a proper exercise of the police power of the state based upon a reasonable relationship to the public health, safety and welfare. *Lopez v. Motor Vehicle Division, Department of Revenue,* 189 Colo. 133, 538 P.2d 446 (1975); *People v. Brown,* 174 Colo. 513, 485 P.2d 500 (1971). It is likewise common knowledge that the health, safety and welfare of users of the highways are endangered by those who drive while under the influence of intoxicating liquors. Thus, the legislative adoption of tests, widely accepted as facilitating the determination of whether one suspected of driving while under the influence of intoxicating liquors is actually under the influence of alcohol, is a reasonable means directed towards controlling this serious social problem. As the test, therefore, assists in the prosecution of drunken drivers and the reduction of accidents, injuries and deaths, *Augustino v. Colorado Dept. of Revenue,* 193 Colo. 273, 565 P.2d 933 (1977), the refusal to take the test thwarts the enforcement of the statute proscribing driving while under the influence. Such a refusal was rationally deemed by the legislature to present a greater harm to society than the accumulation of points for traffic code infractions.

 This classification, therefore, is not arbitrary or unreasonable, as the legislature has a legitimate interest in discouraging acts which it deems to have greater deleterious social consequences. *People v. Brake,* 196 Colo. 575, 588 P.2d 869 (1979); *People v. Marshall,* 196 Colo. 381, 586 P.2d 41 (1978).

Accordingly, the judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE CARRIGAN dissent as to part II.

MR. JUSTICE PRINGLE dissenting:

I respectfully dissent only from Part II of the opinion of the Court. I would hold that the principles enunciated in *People v. Thomas,* 185 Colo. 395, 525 P.2d 1136 (1974), ought to apply in any situations where the State exacts a penalty for misconduct.

I am authorized to say that MR. JUSTICE CARRIGAN joins in this dissent.