**Dennis DELLOVADE, Plaintiff-Appellant,**

v.

**Alan CHARNES, Director, Department of Revenue, for the State of Colorado, Defendant-Appellee.**

**No. 81CA0012.**

Colorado Court of Appeals, Div. II.

Aug. 13, 1981.

David Burnell Smith, Littleton, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Terre Lee Rushton, Asst. Attys. Gen., Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff, Dennis Dellovade, seeks reversal of a district court order affirming the suspension of his driving privileges and the denial of his request for a probationary license. We affirm.

The sole issue on this appeal is whether the 1979 amendments to § 42–2–123(13), C.R.S. 1973 (1980 Cum.Supp.) concerning the issuance of probationary licenses, should apply to a driver whose infractions occurred prior to the time of the amendment, but whose administrative hearing was held after the effective date of the amendment.

Plaintiff's driving offenses occurred in the period between February 1, 1977, and November 3, 1978. He had accumulated twenty-one points against his driving record within a twenty-four month period, and was thus subject to suspension of his driving privileges. He was convicted on the last charge on April 10, 1980, and the Department of Motor Vehicle hearing was held on June 20, 1980.

The acts of plaintiff giving rise to the suspension of driving privileges occurred well before the effective date of the amendment. Under the statutory scheme in effect when plaintiff committed the driving offenses, he was not eligible for a probationary license.

At the hearing, plaintiff requested a probationary license and presented evidence concerning the circumstances under which he incurred his driving offenses, his participation in a driver improvement program, and an alcohol treatment program and the importance of a license to his continued employment.

The hearing officer held as a matter of law, that the provisions of § 42–2–123(13), C.R.S. 1973 (1980 Cum.Supp.) did not apply to plaintiff because the acts upon which his convictions and suspension were based occurred prior to October 1, 1979. We agree with that ruling.

In *Noe v. Dolan*, 197 Colo. 32, 589 P.2d 483 (1979) the court held that the principle enunciated in *People v. Thomas*, 185 Colo. 395, 525 P.2d 1136 (1974) concerning the benefits of amendatory legislation does not apply to driver's license revocation proceedings because revocation of a driver's license is a civil, not criminal, matter. Further, the court stated:

"The general rule in civil proceedings regarding amendatory legislation is that civil liability already incurred may not be changed by statute unless specifically so provided by the legislature."

We find no merit in plaintiff's contention that the General Assembly intended the amendments in question to apply to hear-

ings held after October 1, 1979. Colo.Sess. Laws 1979, ch. 415 at 1584 provides that:

"This act shall take effect October 1, 1979, and shall apply to all acts committed on or after said date."

This section means that the amendments apply to traffic offenses committed on or after the effective date, and not acts of the department in revoking or suspending a license. When the meaning of a statutory provision is clear and no absurdity is involved, the language is not subject to construction. *Ritter v. Industrial Commission*, Colo.App., 615 P.2d 40 (1980). To hold otherwise, would be to give a strained or unusual interpretation to the words "acts committed," and this we may not do. *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973).

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.