J.F. SCHINDELAR, D.V.M.,
Plaintiff-Appellee,

v.

The STATE BOARD OF VETERINARY MEDICINE, State of Colorado,
Defendant-Appellant.

No. 82CA0841.

Colorado Court of Appeals,
Div. I.

May 12, 1983.

As Modified on Denial of Rehearing
June 9, 1983.
Certiorari Denied Nov. 29, 1983.

Hall & Evans, Thomas N. Alfrey, Alan Epstein, Denver, for plaintiff-appellee.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Hector Rene Ramirez, Asst. Atty. Gen., Denver, for defendant-appellant.

COYTE,* Judge.

The State Board of Veterinary Medicine (Board) appeals the judgment of the trial court reversing the decision of the Board which had found that Dr. Schindelar was guilty of incompetence, gross negligence, or other malpractice in the practice of veterinary medicine. We reverse.

The court also ruled that the Board initiated its proceedings against Dr. Schindelar on an unsworn complaint contrary to § 12–64–111, C.R.S. 1973 (1982 Cum.Supp.), with the result that the agency was, as a matter of law, without jurisdiction to proceed. We disagree with this ruling.

The above statute provides that:

"Upon written complaint sworn to by any complainant or upon its own motion, the board may proceed to hearing . . . ."

■ Here, the notice of charges against Dr. Schindelar was signed by the program administrator "for the Colorado State Board of Veterinary Medicine." The notice makes no reference to written complaint by anyone. A letter was apparently written to the Board by certain persons who had owned certain animals that died after having been operated on by Dr. Schindelar. This letter was not introduced into evidence and is not a part of the record on appeal. Nor did these persons testify as witnesses in this proceeding. The Board proceeded on its own motion rather than a verified complaint filed by a third person. By statute, the Board had jurisdiction to proceed on its own motion to determine whether Dr. Schindelar was guilty of malpractice.

The Board found that the death of the animal operated on was caused by the gross negligence, incompetence, or malpractice of Dr. Schindelar. The trial court ruled that the evidence did not support the findings of the Board and, thus, reversed the decision of the Board and ordered the dismissal of charges against Dr. Schindelar. We disagree with the decision of the trial court.

Section 12–64–111(1)(k), C.R.S. 1973 (1982 Cum.Supp.), provides that the Board may revoke or suspend the license of, or otherwise discipline or fine, any licensed veterinarian for:

"incompetence, gross negligence, or other malpractice in the practice of veterinary medicine."

■ To set aside a decision by an administrative agency as arbitrary or capricious, the court must find that there is no substantial evidence on the record to support its decision. *Noe v. Dolan,* 197 Colo. 32, 589 P.2d 483 (1979).

■ The Board made the following conclusions which are supported by its findings:

"Based on the findings that the colon of the ferret 'Chesty' was severed in the course of or as a result of the spaying operation performed on her by respondent, and the standard of care in the

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and

§ 24–51–607(5), C.R.S. 1973 (1981 Cum. Supp.).

community at the time of the operation requires that a routine operation such as spaying be performed without such damage, the conclusion is inescapable that respondent was guilty of incompetence and gross negligence in the treatment of the ferret. Exercising ordinary care, respondent would not have severed the colon of the ferret. At a minimum, he could be expected to have been able to see whether the colon (or any other organ) had been severed or otherwise damaged, and repaired the damage before closing the incision. Respondent acknowledged that he did perform this operation with forceps; Dr. Freemyer expressed the opinion that hooks would have been sufficient and safer. The instrument, however, is not so crucial as is the ultimate occurrence of the severed colon. A properly performed operation, regardless of the instruments used, the size of the incision or any other technique, would have accomplished the spaying of the ferret without the severance of its colon. To sever the colon was incompetence which was only compounded by the gross negligence from the failure to detect this severance immediately and correct it."

█ Here, there is evidentiary support for the findings of the Board which underlie the above conclusions; accordingly, the Board's findings and conclusions are binding on a reviewing court, and the district court erred in reversing the Baord's decision. *Board of County Commissions v. Simmons,* 177 Colo. 347, 494 P.2d 85 (1972).

The judgment is reversed and the cause is remanded with directions to reinstate the decision of the State Board of Veterinary Medicine.

BERMAN and STERNBERG, JJ., concur.