**Timothy J. DeSCALA,
Plaintiff-Appellant**

v.

**The MOTOR VEHICLE DIVISION OF the
DEPARTMENT OF REVENUE, State
of Colorado and its Executive Director,
Alan N. Charnes, Defendants-Appellees.**

**No. 82SA385.**

Supreme Court of Colorado.

June 20, 1983.

---

Goldsmith & Luby, P.C., Thomas C. McCoy, Denver, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., James R. Willis, Sp. Asst. Atty. Gen., Denver, for defendants-appellees.

QUINN, Justice.

The appellant, Timothy J. DeScala, appeals a judgment of the Arapahoe County District Court affirming the three month revocation of his driver's license for refusing to submit to a chemical test pursuant to the implied consent statute, section 42–4–1202(3), C.R.S.1973 & 1982 Supp. He claims that the implied consent statute violates equal protection of the laws [1] and, alternatively, that the district court applied an inappropriate standard of judicial review in affirming the order of revocation. Finding no error, we affirm the judgment.

## I.

The Motor Vehicle Division of the Department of Revenue (Department) revoked the appellant's license on October 31, 1981, for failure to submit to a chemical test. The revocation hearing arose out of the appellant's arrest for driving under the influence of alcohol. At the revocation hearing Officer William Kilpatrick of the Englewood Police Department testified that on September 11, 1981, he observed the appellant driving erratically at a speed of about 75 to 80 miles per hour in the 4200 block of South Broadway in Englewood, Colorado. He pursued the appellant for several blocks and finally stopped him. The appellant had the odor of an alcoholic beverage on his breath and was unable to maintain his balance. After failing a roadside sobriety test, the appellant was taken to the Englewood Police Station.

Kilpatrick testified that at the police station, pursuant to his routine practice, he advised the appellant orally and in writing of his rights under the implied consent statute and of the probable consequences of his refusal to submit to a chemical test. He then requested the appellant to submit to a test. The appellant refused, stating: "I don't think I want a test." The appellant conceded that he refused the test, but claimed that he was not given a written notice of his rights prior to his refusal and therefore did not fully understand the consequences of a refusal.

At the conclusion of the evidence the hearing officer found that Officer Kilpatrick had reasonable grounds to believe the appellant was driving under the influence, that the appellant was properly advised pursuant to the implied consent statute, and that the appellant refused to submit to a chemical test. The appellant's license was revoked for three months,[2] and he sought judicial review pursuant to section 24–4–106(7), C.R.S.1973 (1982 Repl.Vol. 10). The district court ruled that there was "ample evidence in the record" to support the findings of the hearing officer and that the order of revocation was not arbitrary or an abuse of discretion. This appeal followed.

## II.

■ We first address the appellant's equal protection claim. He asserts that under the implied consent statute a person refusing to submit to a chemical test is subject to a mandatory revocation without any opportunity for a probationary license, while a person actually convicted of driving under the influence is subject to a mandatory revocation but nonetheless may apply for a probationary license under section 42–2–

---

1. This appeal was transferred to this court because of the appellant's equal protection challenge. *See* sections 13–4–102(1)(b) and 13–4–110(1)(a), C.R.S.1973.

2. The three month statutory period of revocation under the implied consent statute was increased to nine months in 1982. Section 42–4–1202(3)(e), C.R.S.1973 (1982 Supp.).

122(4), C.R.S.1973 (1982 Supp.). This disparity in treatment, the appellant claims, violates equal protection of the laws, *U.S. Const.* Amend. XIV; *Colo. Const.* Art. II, Sec. 25,[3] because it is arbitrary and unrelated to any legitimate governmental interest. We disagree.

In *Noe v. Dolan,* 197 Colo. 32, 589 P.2d 483 (1979), we held that, notwithstanding the statutory authority under section 42–2–123(11), C.R.S.1973, for the issuance of a probationary license to a driver whose license is suspended due to an accumulation of points, the failure of the implied consent statute to similarly provide for a probationary license was not an arbitrary classification violative of equal protection of the laws. The principle underlying our holding in *Noe* is equally applicable here.

Drivers who are reasonably suspected of operating a motor vehicle while intoxicated or impaired present a serious danger to the safety of others. For this reason the legislature has provided that any person who drives a motor vehicle upon the streets and highways of the state shall be deemed to have given his consent to a chemical test of his breath or blood when arrested for driving under the influence of, or impaired by, alcohol. Section 42–4–1202(3)(a), C.R.S. 1973 (1982 Supp.). Implied consent statutes have been widely adopted to deter drunk driving by encouraging drivers to cooperate with enforcement of traffic safety by submitting to chemical testing upon their arrest. *See, e.g., Noe v. Dolan, supra; Augustino v. Colorado Department of Revenue,* 193 Colo. 273, 565 P.2d 933 (1977). While the statute grants the driver the right to refuse to submit to a chemical test and thereby avoid the physical compulsion incident to involuntary testing procedures, *see, e.g., South Dakota v. Neville,* —— U.S. ——, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983); *People v. Gillett,* 629 P.2d 613 (Colo.1981), the obvious statutory goal is to facilitate citizen cooperation in the enforcement of highway safety. The method utilized to

achieve this goal is the administrative sanction of license revocation, without the opportunity for a probationary license during the period of revocation, upon the driver's refusal to submit to testing. This administrative sanction is imposed without regard to the criminal liability of the driver for his driving conduct.

Persons who are eligible for a probationary license, in contrast, have already been convicted of driving while intoxicated or impaired. These persons are subject to much more serious sanctions than the administrative revocation of a license. Not only is there a judgment of conviction that may be used to enhance the penalty for subsequent violations but, more important, the offender may be subjected to a substantial fine or term of imprisonment. Section 42–4–1202(4), C.R.S.1973 & 1982 Supp. While these persons may be eligible for a probationary license, stringent conditions apply. The authority of the Department to issue a probationary license is presumably to be exercised only after the sentence or fine for the conviction has been satisfied. The probationary licensee must remain enrolled in a program of "alcohol and drug traffic driving education or treatment," if ordered by the court which convicted him. Section 42–2–123(13)(a), C.R.S.1973 (1982 Supp.). Furthermore, the probationary license not only restricts the licensee to driving "for reasons of employment, education, health, or alcohol and drug education or treatment," but also may contain "any other restrictions as the department deems reasonable and necessary." *Id.* It is thus obvious that the probationary license is directed primarily towards furthering the driving education or treatment needs of the convicted traffic offender in a manner consistent with the public safety.

In summary, the implied consent statute serves the distinct governmental purpose of facilitating citizen cooperation in achieving traffic safety by use of the administrative sanction of revocation upon refusal to sub-

---

**3.** The right to equal protection of the laws finds support in the Due Process Clause of the Colorado Constitution, Article II, Section 25. *E.g.,*

*Heninger v. Charnes,* 200 Colo. 194, 613 P.2d 884 (1980); *Vanderhoof v. People,* 152 Colo. 147, 380 P.2d 903 (1963).

mit to a test, while the statutory authorization for a probationary license is expressly directed towards the "alcohol and drug traffic driving education or treatment" of the convicted traffic offender. Each statutory scheme is reasonably related to a different governmental objective, and thus the failure of the implied consent statute to provide for a probationary license does not violate equal protection of the laws. *E.g., Noe v. Dolan, supra; Augustino v. Colorado Department of Revenue, supra; Walker v. Department of Motor Vehicles,* 274 Cal. App.2d 793, 79 Cal.Rptr. 433 (1969); *Gableman v. Hjelle,* 224 N.W.2d 379 (N.D.1974).

### III.

The appellant also claims that the district court applied an inappropriate standard of review by limiting its consideration to whether there was "any competent evidence" to support the findings of the hearing officer. He argues that under section 24–4–106(7), C.R.S.1973 (1982 Repl.Vol. 10),[4] the court should have determined whether the findings were supported by substantial evidence when the record is considered as a whole.

 The district court did not employ the restrictive standard of review described by the appellant. Rather, the court expressly determined that there was "ample evidence" to support the decision of the hearing officer. Our review of the record

shows "substantial evidence" in this respect.[5] The existence of substantial evidence to support the agency action renders the appellant's claim of an unduly restrictive standard of review devoid of merit. Furthermore, the record fails to reveal any other basis to challenge the order of revocation under the standards of review set forth in section 24–4–106(7), C.R.S.1973 (1982 Repl.Vol. 10).

The judgment is affirmed.

---

4.  Section 24–4–106(7), C.R.S.1973 (1982 Repl. Vol. 10), states:

    "(7) If the court finds no error, it shall affirm the agency action. If it finds that the agency action is arbitrary or capricious, a denial of statutory right, contrary to constitutional right, power, privilege, or immunity, in excess of statutory jurisdiction, authority, purposes, or limitations, not in accord with the procedures or procedural limitations of this article or as otherwise required by law, an abuse or clearly unwarranted exercise of discretion, based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law, then the court shall hold unlawful and set aside the agency action and shall restrain the enforcement of the order or rule under review, compel any agency action to be taken which has been unlawfully

withheld or unduly delayed, remand the case for further proceedings, and afford such other relief as may be appropriate. In making the foregoing determinations, the court shall review the whole record or such portions thereof as may be cited by any party. In all cases under review, the court shall determine all questions of law and interpret the statutory and constitutional provisions involved and shall apply such interpretation to the facts duly found or established."

5.  Under section 24–4–106(7), C.R.S.1973 (1982 Repl.Vol. 10), evidentiary findings of an administrative agency will not be set aside when, as here, they are supported by substantial evidence when the record is considered as a whole. *See Lee v. State Board of Dental Examiners,* 654 P.2d 839 (Colo.1982); *Lassner v. Civil Service Commission,* 177 Colo. 257, 493 P.2d 1087 (1972).