**Sarah HANSON, Appellant
(Appellant-Defendant),**

v.

**The STATE of Wyoming, Appellee
(Appellee-Plaintiff).**

**No. 83-131.**

Supreme Court of Wyoming.

Dec. 30, 1983.

Sarah Hanson, pro se.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Margaret M. White, Asst. Atty. Gen., for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant was found guilty after trial in the justice of the peace court of driving a motor vehicle upon the highways of the state without a valid driver's license in violation of § 31-7-106(a), W.S.1977.[1] She pled nolo contendere to two other similar charges. She was fined $100.00 plus costs on each of the three charges. She appealed to the district court from the judgments and sentences of the justice of the peace. She now appeals to this court from the affirming order of the district court.

We affirm.

Appellant acknowledges all elements of the offense. She was driving a motor vehicle at the times alleged upon the highways of the state. She was not exempt from having such a license as such exemptions are allowed by the act (member of the armed forces with armed forces driver's license, nonresident with nonresident driver's license, employee of the United States

---

1. Section 31-7-106(a), W.S.1977, provides:
"(a) No person, unless otherwise exempt under this act, shall drive any motor vehicle upon a highway in this state unless the person has a valid driver's license under the provisions of this act for the type or class of vehicle being driven."

driving a vehicle of the United States on official business). And she did not have a valid driver's license, having been refused renewal of a license for failure to have adequate eyesight. She says that she now has eyeglasses which make her eyesight adequate, but she has not reapplied for a driver's license.

Appellant did not appeal from the refusal to renew her driver's license. And, it may be said that she cannot now collaterally bring before the court that which she failed to do by means of a proper appeal. However, the principal thrust of appellant's argument on appeal is that she has a constitutional right to drive a motor vehicle without a driver's license, i.e., the statutory requirement that she have a driver's license to do so is unconstitutional. Thus, she questions the jurisdiction of the justice of the peace court in the enforcement of § 31–7–106(a), supra.

■ The statutes enacted in various states requiring a license to drive or operate a motor vehicle upon the public highways are an exercise of the police power to regulate the use of the highways in the interest of public safety and welfare. They are designed to promote safe driving and are for the protection of the traveling public.

> "The driving of an automobile is said to be a privilege, not a property right, and subject to regulation. The Legislature in the exercise of the police power may prescribe uniform drivers' license regulations, including reasonable limitations as to the classes of persons that may operate automobiles. * * * " 14 Blashfield Automobile Law (3rd ed. 1969), § 468.2.

See *State v. Newton*, 274 S.C. 287, 262 S.E.2d 906 (1980); and *Augustino v. Colorado Department of Revenue Motor Vehicle Division*, 193 Colo. 273, 565 P.2d 933 (1977).

> " * * * We are aware of the importance of the driving privilege in our society today, but we also recognize that the privilege cannot be granted without limitations as to its continuation." *Asbridge v. North Dakota State Highway Commissioner*, N.D., 291 N.W.2d 739, 750 (1980).

The legislature constitutionally exercised its police power in requiring one to have a valid driver's license while operating a motor vehicle upon the highways of the state.

■ The justice of the peace was vested with jurisdiction in this case. Violation of § 31–7–106(a), supra, is a misdemeanor carrying a maximum penalty of $100.00. Section 31–7–138, W.S.1977. Section 7–16–101, W.S.1977, defines the jurisdiction of justices of the peace to:

> " * * * determine all public offenses less than felony, * * * in which punishment prescribed by law does not exceed a fine of seven hundred fifty dollars ($750.00) * * *."

In her argument appellant involves the question of substantive due process inside the Fourteenth Amendment to the Constitution of the United States. The United States Supreme Court has ruled as follows:

> " * * * The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process. * * * " *Reitz v. Mealey*, 314 U.S. 33, 62 S.Ct. 24, 26–27, 86 L.Ed.2d 21 (1941).

Appellant's discussion of the failure to separate law from equity actions has no pertinency to this matter. The law and equity distinction, when it exists, has to do with civil actions. Likewise, her efforts, set forth at great length, to distinguish "public law" from "private law" have no relevancy to this case. "Public law" is defined in Black's Law Dictionary, (5th Ed.1979), as:

> "A general classification of law, consisting generally of constitutional, administrative, criminal, and international law, concerned with the organization of the state, the relations between the state and the people who compose it, the responsi-

bilities of public officers to the state, to each other, and to private persons, and the relations of states to one another. * * *

" * * * In another sense, a law or statute that applies to the people generally of the nation or state adopting or enacting it, is denominated a public law, as contradistinguished from a private law, affecting only an individual or a small number of persons."

Section 31–7–106(a), supra, is a public law applicable to all who drive motor vehicles upon the highways of the state. It applies to appellant.

Affirmed.