**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Lorenzo MARTINNILLIE,
Defendant–Appellant.**

**No. 96CA0400.**

Colorado Court of Appeals,
Div. V.

Dec. 27, 1996.

Rehearing Denied Jan. 23, 1997.

Certiorari Denied Aug. 11, 1997.

Gale A. Norton, Attorney General, Stephen
K. ErkenBrack, Chief Deputy Attorney Gen-
eral, Timothy M. Tymkovich, Solicitor Gener-
al, Catherine P. Adkisson, Assistant Attorney
General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public De-
fender, Anthony Viorst, Deputy State Public
Defender, Denver, for Defendant-Appellant.

Opinion by Judge RULAND.

Defendant, Lorenzo Martinnillie, appeals
the trial court's denial of his Crim. P. 35(a)
motion challenging the legality of his sen-
tence. We affirm.

In 1994, as a result of a plea agreement,
defendant pled guilty to driving under the
influence of alcohol in violation of the statute
now codified as § 42–4–1301(1), C.R.S. (1996
Cum.Supp.). Defendant was sentenced to a
term of one year in the county jail, to be
followed by two years of supervised alcohol
treatment. This post-conviction proceeding
followed.

## A.

▌ Defendant first contends that he
should have been sentenced under § 16–11–
202, C.R.S. (1996 Cum.Supp.), as applicable
to misdemeanor offenses generally. That
section provides for no more than 60 days in
jail as a condition of probation.

The People respond that defendant prop-
erly was sentenced pursuant to the provi-
sions of § 42–4–1301, C.R.S. (1996 Cum.
Supp.), which establishes the penalties for
alcohol-related driving offenses. We agree
with the People.

Section 16–11–202(1), C.R.S. (1996 Cum.
Supp.) provides, in pertinent part:

> [T]he court may grant the defendant pro-
> bation for such period and upon such
> terms and conditions as it deems best. . . .
> In addition to imposing other conditions,
> the court has the power to commit the
> defendant [to jail] during such time or for
> such intervals within the period of proba-
> tion as the court determines. The aggre-
> gate length of any such commitment . . .
> shall not exceed . . . sixty days for a mis-
> demeanor. . . .

Section 42–4–1301 provides in pertinent
part:

> (9)(a)(I) Every person who is convicted of
> [driving under the influence of alcohol]
> shall be punished by imprisonment in the
> county jail for not less than five days nor
> more than one year. . . .

> (e)(I) Upon conviction of [driving under
> the influence of alcohol], the court shall
> sentence the defendant in accordance with
> the provisions of paragraphs (a) . . . of this
> subsection (9). . . .

> (h) *In addition to any other penalty pro-*
> *vided by law, the court may sentence a*
> *defendant who is convicted pursuant to*
> *this section to a period of probation for*

*purposes of treatment not to exceed two years. ...*

(emphasis added)

We conclude that the specific statutory provisions of § 42–4–1301, which contain a mandatory sentencing scheme for alcohol-related driving offenses and which provide for extended treatment of the underlying cause of the criminal conduct, prevail over the general provision of § 16–11–202. *See Walker v. Arries,* 908 P.2d 1180 (Colo.App.1995)(express terms of drunk driver statute set forth mandatory sentencing scheme).

■ Consequently, because defendant was sentenced within the scope of the applicable statute, the trial court did not err in denying his motion alleging that his sentence was illegal.

## II.

Defendant also contends that § 42–4–1301 deprives him of his constitutional right to equal protection by treating persons convicted of driving under the influence of alcohol "differently from other persons convicted of class 2 misdemeanors." We are not persuaded.

■ The General Assembly is entitled to establish more severe penalties for acts that it believes have greater social impact and graver consequences. *People v. Sparks,* 914 P.2d 544 (Colo.App.1996). However, when two statutes provide disparate penalties for similar criminal conduct, equal protection guarantees are violated. *People v. Montoya,* 196 Colo. 111, 582 P.2d 673 (1978).

■ Therefore, a challenge based upon equal protection requires a threshold determination whether persons allegedly subject to disparate treatment by a governmental act are in fact similarly situated. If no such similarity exists, the equal protection challenge must fail. *See People in Interest of C.B.,* 740 P.2d 11 (Colo.1987).

We reject defendant's argument that all offenses classified as class 2 misdemeanors reflect similar criminal conduct to which similar sanctions must be applied. On the contrary, class 2 misdemeanors include highly dissimilar criminal conduct, as exemplified by the offenses of arson, check fraud, and resisting arrest. *See* §§ 18–4–105(3) and 18–8–103(4), C.R.S. (1986 Repl.Vol. 8B) and § 18–5–205(3)(b), C.R.S. (1996 Cum.Supp.).

■ Instead, we conclude that the criminal conduct identified here by the General Assembly as warranting disparate treatment is driving under the influence of alcohol or drugs. The state's legitimate interest in specifically discouraging this conduct and the resultant loss of life and damage to property has long been recognized. *See Noe v. Dolan,* 197 Colo. 32, 589 P.2d 483 (1979)(health, safety, and welfare of users of the highways are endangered by drunken driving; classification based upon this conduct is not arbitrary or unreasonable).

■ Accordingly, to support his equal protection claim, defendant must establish that the mandatory sentencing scheme of § 42–4–1301 has impacted him differently from all other persons convicted of the similar criminal conduct of driving under the influence. He has failed to do so. Therefore, we perceive no error in the trial court's rejection of this claim. *See Board of County Commissioners v. Flickinger,* 687 P.2d 975 (Colo. 1984).

The order is affirmed.

MARQUEZ and TAUBMAN, JJ., concur.