520 P.2d 139 (1974)
Ruth THOMPSON, Petitioner,
v.
The INDUSTRIAL COMMISSION of the State of Colorado and Holiday Inn #5, Respondents.
No. 73-189.
Colorado Court of Appeals, Div. I.
March 12, 1974.
*140 George G. Christiansen, Vernon P. Playton, Denver, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colo.
Sheldon, Bayer, McLean & Glasman, Raymond G. Carey, Jr., Denver, for respondent Holiday Inn #5.
Selected for Official Publication.
SMITH, Judge.
This is a review of an Industrial Commission award. The primary issue concerns the propriety of an extra-judicial conversation between claimant and the referee who conducted the adjudicatory hearing on claimant's petition for compensation. We set aside the award and remand for new hearing.
Claimant was injured during the course of her employment with Holiday Inn #5, when the legs on a chair in which she was sitting broke, causing injuries to her head, neck, shoulders and back. Although there was no objective medical evidence to show that she sustained permanent injury to her body, she has continued to experience pain which makes it extremely difficult for her to continue working. Expert witnesses for both parties testified that claimant's continuing symptoms were the result of a post-traumatic neurosis triggered by the industrial accident.
On the basis of this and other evidence, the referee awarded benefits of six months temporary total disability and ten percent permanent partial disability as a working unit. Claimant filed a petition for review, alleging that the referee erred as a matter of law and as a matter of fact in determining the extent of her permanent disability, that the referee was influenced by passion and prejudice, and that his decision was based upon matters outside the record.
Shortly after filing her petition for review, claimant filed a motion pursuant to 1969 Perm.Supp., C.R.S.1963, 3-16-4(3), seeking to have the referee disqualified and the case referred for a new hearing because of the extra-judicial conversation. Attached to this motion were sworn affidavits of claimant and her daughter which alleged, in substance, that the referee, without notice to claimant's counsel and in his absence, visited claimant at her home, discussed the case with her, questioned why claimant could not go back to work in light of the fact that the medical testimony showed no objective cause for her pains, and made derogatory remarks regarding claimant's attorney. Claimant's motion was denied by the director and the matter was forwarded to the commission for review. In its award, the commission adopted the referee's findings and conclusions of law and made no reference to the alleged impropriety.

I
Preliminarily, respondents contend that claimant's petition for review and her petition for final review failed to specify the alleged errors. With regard to the referee's alleged impropriety, claimant's assertion *141 that the referee relied upon matters not in the record was sufficient to advise the agency of the alleged error. Further, the file before the commission on review included claimant's motion, asserting the alleged impropriety and the affidavits in support thereof.

II
Assuming, as did counsel at oral argument, that the matters stated in claimant's affidavits are true, we conclude that the referee's conduct exceeded his authority, that it violated both the letter and the spirit of the procedural requirements of the workmen's compensation act, and that claimant therefore was denied procedural due process of law in the adjudication of her claim.
The commission contends that the referee has authority to make investigations, and that his extra-judicial visit to claimant's home falls within that authority. It relies upon C.R.S.1963, 1969 Supp., 81-7-7(1), which provides:
"For the purpose of making any investigation or conducting any hearing with regard to any matter or matters contemplated by the provisions of this chapter, the director shall have the power to appoint, with the approval of the executive director of the department of labor and employment by an order in writing, any competent person as an agent or referee whose duties shall be prescribed in such order."
We have found in the record no order of appointment, nor have we been advised of the existence of one, authorizing the referee to conduct an "investigation" such as occurred here. Any order purporting to combine investigatory and adjudicatory functions in a single referee would, in our view, raise serious questions of propriety. See Amos Treat & Co. v. SEC, 113 U.S. App.D.C. 100, 306 F.2d 260; Wasson v. Trowbridge, 382 F.2d 807 (2d Cir.). However, absent any evidence showing authorization for such an investigation, we conclude that the referee acted in excess of his powers.
Even assuming the "investigation" had been proper and duly authorized, the referee's failure to provide for a written record or summary of the conversation, his failure to make the same available to the parties and their counsel, and his failure to afford an opportunity for additional hearings relative thereto violates the procedures prescribed in 1969 Perm.Supp., C.R. S.1963, 81-14-3(3) which provides:
"The director may cause an examination to be made of the person of the injured employee, or without notice take testimony or inspect the premises where the injury occurred or inspect the time books, payrolls, or other records of the employer. All ex parte evidence received by the director shall be reduced to writing and any party in interest shall have the opportunity to examine and rebut the same by cross-examination or by further evidence." (emphasis added)
Furthermore, this court has held that similar proceedings denied a claimant due process of law where no opportunity for cross-examination of evidence considered by the referee was provided. Puncec v. Denver, 28 Colo.App. 542, 475 P.2d 359; see Wilson v. Industrial Commission, 30 Colo.App. 154, 490 P.2d 91.
Respondents contend that the final order of the commission, from which appeal to this court was taken, in effect "cleanses" any impropriety on the part of the referee. They argue: (1) That the commission is required by law to make its own independent determination of the facts based on a review of the entire record; (2) that the discussion in issue was not a part of the record; (3) that the commission's findings are supported by the record; and (4) that where its findings are supported by the record this court must, absent error in the commission's application of law, affirm.
We agree that it is the commission's responsibility independently to review the entire record and either make new *142 findings or adopt the referee's findings of fact. See 1971 Perm.Supp., C.R.S.1963, 81-14-6(2). However, we find it difficult to believe that the commission can completely avoid being influenced by the referee's findings and conclusions, when he and not they, had the only opportunity to observe the manner and demeanor of the witnesses, including that of the claimant. The fact that a referee is required by law to make findings of fact sufficient to support his award, see 1971 Perm.Supp., C.R.S.1963, 81-14-6(1), presupposes that the referee's findings will be a part of the record and that the commission will consider such findings in reaching its independent decision.
The United States Supreme Court, in a case dealing with somewhat similar procedures for administrative and judicial review of a fact finder's decision, has recognized this proclivity on the part of those required to review a cold record and has gone so far as to require reviewing agencies and courts to give some credence to the referee's decision. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. The Court there said:
"Nothing in the statutes suggests that the Labor Board should not be influenced by the examiner's opportunity to observe the witnesses he hears and sees and the Board does not. Nothing suggests that reviewing courts should not give to the examiner's report such probaive force as it intrinsically commands.

. . . . . .
"We do not require that the examiner's findings be given more weight than in reason and in the light of judicial experience they deserve. . . . We intend only to recognize that evidence supporting a conclusion may be less substantial when an impartial, experienced examiner who has observed the witnesses and lived with the case has drawn conclusions different from the Board's than when he has reached the same conclusion. The findings of the examiner are to be considered along with the consistency and inherent probability of testimoney."
We need not, and do not, suggest that the rule announced in Universal Camera is applicable to the commission's review of a referee's decision. It merely demonstrates, for our purposes, judicial recognition of the problem. We suggest that it would be mere sophistry to conclude that the decision of the referee has no influence on the commission's independent review of the record.
Of similar nature is respondents' contention that the extrajudicial conversation could have no prejudicial effect because there is no evidence in the record which would support a higher award. They argue that because the findings afforded every benefit to claimant that the record allegedly could support, any potential bias of the referee could not have affected his ultimate findings and award. Having carefully reviewed the record, we cannot agree.
The referee, and subsequently the commission, awarded six months temporary total disability and ten percent permanent partial disability as a working unit. The testimony of Dr. Weinstein, claimant's witness, would just as easily have supported an award of total permanent disability. Dr. Delehanty, respondent-employer's witness, testified that permanent partial disability ranged from ten to twenty-five percent. Although the record supports the award granted, it could also support a greater award than ten percent permanent partial disability. Thus, the record itself demonstrates the very real possibility that the extra-judicial interview influenced the referee's decision and thereby that of the commission.
The commission's order is set aside and the cause remanded for a new hearing on the claim for benefits.
SILVERSTEIN, C. J., and COYTE, J., concur.