544 P.2d 641 (1975)
Edwin A. ZUVICEH, Petitioner,
v.
The INDUSTRIAL COMMISSION of the State of Colorado (ex-officio Unemployment Compensation Commission of Colorado), et al., Respondents.
No. 75-501.
Colorado Court of Appeals, Div. III.
December 26, 1975.
Hornbein, MacDonald & Fattor, Phillip Hornbein, Jr., Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Louis L. Kelley, Asst. Atty. Gen., for respondent, The Industrial Com'n of the State of Colo. (ex-officio Unemployment Compensation Com'n of Colo.), and Herrick Roth, as the Executive Director of the Colo. Dept. of Labor and Employment.
No appearance for respondent Anheuser-Busch, Inc.
Selected for Official Publication.
*642 BERMAN, Judge.
This is an unemployment compensation case. Claimant, Edwin A. Zuviceh, was discharged from his employment with respondent Anheuser-Busch, Inc., and filed an application for unemployment benefits with the Division of Employment of the Colorado Department of Labor. A deputy denied claimant's unemployment benefits, and claimant appealed pursuant to § 8-74-104, C.R.S. 1973. Although both parties received notice of the hearing before the referee, only claimant appeared. The referee reversed the decision of the deputy and granted a full award of benefits.
On November 11, 1974, respondent Anheuser-Busch sent a letter to the Division of Employment which stated:
"We hereby appeal the decision of the Referee in the above-mentioned case.
We did not send a representative to the hearing which was held on November 7th, due to misfiling the `Notice of Hearing.' We would, therefore, like to request a further hearing so that we may be allowed to substantiate our actions in this matter.
Please notify us as soon as a new hearing date has been set."
This letter was treated as an appeal from the referee's decision to the Commission. On April 10, 1975, respondent employer sent a letter to the appeals section of the Division of Employment setting forth a detailed statement of its contentions in support of its appeal.
On April 24, 1975, the Commission, although no further evidentiary hearing was held, entered its findings of fact and award affirming the decision of the referee.
On April 25, 1975, respondent employer sent a letter to the Division of Employment, Appeals Section, requesting a review and reversal of the findings of the Commission, or, in the alternative, requesting a new hearing in this matter on the ground that the transcript of testimony before the referee contained misrepresentations of certain basic facts, and again referred the Commission to its letter of April 10. In addition, the letter of April 25 contains the following sentence, "[w]e do appreciate Mr. Russell's [one of the Commissioners on the Industrial Commission] time and consideration in our phone conversation of this date."
On May 7, 1975, the Commission issued a supplemental order which stated:
"From a review of the entire file the Industrial Commission finds that the employer failed to appear by reason of clerical error or oversight at the employer's office and was otherwise prepared to submit evidence in support of his [sic] allegations. The Industrial Commission further finds it is necessary to grant the employer this opportunity to present his [sic] evidence since it appears to be a serious question of fact."
In this order, the Commission, acting through Commissioners Russell and Baca, reversed and rescinded its order of April 24, 1975, and remanded the matter for a further hearing, with instructions to issue a new order in accordance with the evidence presented.
On May 16, 1975, a rehearing was held before a different referee, at which time the employer presented evidence in support of its contention that claimant was terminated for failure to follow company policies and management instructions. The referee, however, did not render a decision.[1] On June 24, 1975, the Commission, acting through Commissioners Smith and Russell, issued its final review decision reinstating the original deputy's order, which denied claimant any award.
Claimant contends he was denied due process under the circumstances of this case because the Commission relied upon an ex parte communication from respondent Anheuser-Busch in re-opening the case. Since we are unable to determine *643 the basis for the Commission's decision, we reverse the case for a new hearing.
Although the Commission, pursuant to §§ 8-74-105 and 108, C.R.S. 1973, had the authority to direct the taking of additional evidence based upon the employer's petition for review, the statement in that petition for review which thanked Commissioner Russell for his time and consideration in a phone conversation with the employer, requires reversal and a new hearing in this matter. In the absence of some showing in the record that the supplemental order of May 7, 1975, was based solely on the employer's letter of November 11 which stated that the employer did not appear due to a clerical oversight, we may not reject claimant's assertion that the decision was based upon an ex parte hearsay conversation which is improper.[2]Thompson v. Industrial Commission, 33 Colo.App. 369, 520 P.2d 139; Wilson v. Industrial Commission, 30 Colo.App. 154, 490 P.2d 91.
Nor does the subsequent hearing before the referee "cleanse" any impropriety that may have resulted from the phone conversation between the employer and the Commissioner. Thompson v. Industrial Commission, supra. In reliance on the impropriety of the Commission's action, claimant neither testified nor cross-examined witnesses called by the employer. Moreover, if claimant had had notice of the contents of this ex parte communication, he might have been in a position to challenge the Commissioner's "personal bias," for the purpose of disqualifying him from participating in his case. See § 8-74-105, C.R.S 1973; Division of Employment Regulation No. 20(B)6.
Because of our disposition of this issue, we need not deal with claimant's other contention. Accordingly, the Commission's orders are set aside and the cause is remanded to the Division of Employment for a rehearing on claimant's application for benefits.
RULAND and VanCISE, JJ., concur.
NOTES
[1] On the referee's briefing form, the referee made the following handwritten notation: "Per phone call [to from?] Comm. they will write new dec. not the ref. May 16-75."
[2] The fact that the Commission affirmed the referee's decision, and then, after the phone call, reversed the decision, suggests the phone call may have had some effect; the November 11 letter, as well as the April 10 letter, were in the file when the Commission originally affirmed the referee's decision.