R & R WELL SERVICE COMPANY, and
State Compensation Insurance
Fund, Petitioners,

v.

INDUSTRIAL COMMISSION OF the
STATE of Colorado, and Stephen
Joe Johnson, Respondents.

No. 82CA0384.

Colorado Court of Appeals,
Division III.

Jan. 13, 1983.

William J. Baum, Richard G. Fisher, Jr., Kathleen W. Robinson, Denver, for petitioners.

Dilts, Dyer, Fossum & Hatter, P.C., James Hatter, Cortez, for respondent Stephen Joe Johnson.

J.D. MacFarlane, Atty. Gen., Alice L. Parker, Asst. Atty. Gen., for respondent Industrial Commission.

KIRSHBAUM, Judge.

Petitioners, R & R Well Service Co., Inc., employer, and State Compensation Insurance Fund, seek review of a final order of the Industrial Commission awarding Stephen Joe Johnson, claimant, permanent partial disability of ten percent as a working unit. We affirm.

While performing work for employer on October 26, 1978, claimant suffered injury as a result of an explosion. On September 5, 1979, claimant appeared before a hearing officer for the Division of Labor and testified respecting disfigurement caused by the explosion. The referee entered an award of $250 with respect to disfigurement only.

Claimant subsequently requested a full hearing respecting permanent partial disability. The referee vacated the initial determination and, after conducting a hearing, entered a supplemental order on September 11, 1980. The referee found, on the basis of conflicting testimony from expert witnesses, that, as a result of his injury in

October 1978, claimant had "developed an extreme sensitivity to cold" which prevented him from working where his hands would be exposed to cold weather. He further found that scar tissue on the back of claimant's hands would require special care and treatment because of susceptibility to injury, and that claimant had "industrial impairment when measured by the types of employment he can engage in since he is limited to those where he is not exposed to cold." The referee also made the following finding:

"Dr. Paul Bostrom finds that the claimant has a permanent medical impairment of 7% to 8% of the whole man. He would estimate his permanent disability at 5% of the whole man."

The referee awarded claimant permanent disability of three percent as a working unit. Claimant appealed, and on September 3, 1981, the Commission reinstated the initial award of $250 for disfigurement and concluded that claimant had suffered permanent partial disability of ten percent as a working unit.

Petitioners first contend that the Commission erred in finding any facts because the General Assembly has prohibited the Commission from altering any fact found by the referee. We disagree.

On May 26, 1981, the General Assembly amended § 8–53–106(2), C.R.S.1973, respecting administrative review of workers' compensation cases. Colo.Sess.Laws 1981, ch. 86, at 476. The amendment, adopted during the pendency of the administrative appellate process, applies to this case. *Nolan v. Industrial Commission,* —— P.2d —— (Colo.App. No. 82CA0624, ann'd December 30, 1982).

Prior to such amendment, § 8–53–106(2), C.R.S.1973, stated in pertinent part as follows:

"The commission, upon referral of a case to it by the director or upon a petition being filed with it to review the director's or a referee's supplemental award, shall review the entire record transmitted by the director in said case and shall enter its award thereon."

The General Assembly amended the statute by retaining the above-quoted language and adding the following new provision as § 8–53–106(2)(b), C.R.S.1973 (1982 Cum. Supp.):

"The findings of evidentiary fact, as distinguished from ultimate conclusions of fact, made by the director or referee shall not be set aside by the commission on review of the director's or referee's decision unless the findings of evidentiary fact are contrary to the weight of the evidence. The commission may remand the case to the director or referee for such further proceedings as it may direct, or it may affirm, set aside, or modify the order or any sanction or relief entered therein, in conformity with the facts and the law."

■ When interpreting statutes, we must give effect to the meaning of the language used by the General Assembly. *Stewart v. Public Employees' Retirement Ass'n,* 43 Colo.App. 25, 612 P.2d 1141 (1979). It is not disputed that prior to the adoption of the amendment, the statute granted the Commission authority to review the record *de novo* and to enter findings of fact as independent and ultimate fact finder. *Casa Bonita Restaurant v. Industrial Commission,* 624 P.2d 1340 (Colo.1981); *Thompson v. Industrial Commission,* 33 Colo.App. 369, 520 P.2d 139 (1974). Petitioners' assertion that the amendment abolished all fact-finding authority of the Commission is contradicted by the words used by the General Assembly. Section 8–53–106(2)(b), C.R.S. 1973 (1982 Cum.Supp.), expressly distinguishes the Commission's authority with respect to a referee's "ultimate conclusions of fact" from its authority concerning findings of evidentiary facts. The statute prohibits the Commission from setting aside a referee's findings with respect to "evidentiary" facts, unless such findings are "contrary to the weight of the evidence." However, it

does authorize the Commission to "set aside, or modify" a decision of a referee or the director. This language refutes petitioners' argument that the statute forecloses the Commission's ability to modify, alter, or change ultimate facts.

■ Extant legislative history reveals that a variety of opinions were presented to legislative committees exploring the question of the Commission's appropriate function in reviewing decisions of the director or a referee. The language ultimately adopted by the General Assembly indicates a recognition of the importance of permitting the Commission to examine independently the ultimate facts forming the basis for application of legal standards in these cases. See *Casa Bonita Restaurant v. Industrial Commission, supra*. We conclude that the statute authorizes the Commission, in exercising its review powers, to find ultimate facts independently of the findings of ultimate fact entered by a referee or the director.

■ In this case, the facts stated by the Commission as the basis for its ultimate conclusion are facts which the referee had included in its findings. The only substantial difference in the two opinions is the ultimate conclusion of the extent to which claimant had sustained permanent partial disability. We therefore conclude that the Commission acted within its statutory authority in adopting the referee's evidentiary findings while reaching its own conclusion with respect to the ultimate fact respecting the percentage of petitioner's disability.

■ Petitioners contend, alternatively, that the record does not support the Commission's ultimate conclusion that claimant suffered a ten percent disability. We disagree.

It is true, as petitioners contend, that the highest estimate of claimant's disability was contained in Dr. Bostrom's testimony to the effect that claimant had suffered an eight percent permanent impairment. But, while Dr. Bostrom also testified, as the referee expressly found, that he might reduce his percentage figure to five percent, neither the referee nor the Commission was bound in its ultimate fact-finding capacity by that testimony.

Both the referee and the Commission found that claimant's hands were extremely sensitive to cold temperatures and that claimant could not work in outdoor jobs where he might be exposed to cold weather. Both the referee and the Commission found that claimant was 21 years of age at the time of his maximum medical improvement, that he had completed high school and one quarter of college, and that he would suffer further medical difficulty with his hands as a result of the injury. The Commission expressly noted that it took into consideration all factors cited in § 8–51–108, C.R.S. 1973, in reaching its ultimate conclusion. Section 8–51–108(1)(b), C.R.S.1973, provides that in determining permanent partial disability the "general physical condition and mental training, ability, former employment, and education of the injured employee" may be considered. We conclude that the Commission did not abuse its discretion in considering all of the factual findings of the referee as well as relevant statutory standards in reaching its ultimate factual conclusion regarding the extent of claimant's disability. The record as a whole supports the Commission's conclusion; hence, we will not disturb it on appeal.

The order is affirmed.

BERMAN and TURSI, JJ., concur.