**Dennis LANDERS, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, Colorado Division of Employment and Training, St. Vrain Valley School District RE–1J, and Boulder Valley School District RE–2, Respondents.**

**No. 85CA0546.**

Colorado Court of Appeals, Div. I.

May 15, 1986.

William E. Benjamin, Boulder, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Industrial Commission and Colorado Division of Employment and Training.

No Appearance for respondents St. Vrain Valley School Dist. RE–1J and Boulder Valley School Dist. RE–2.

TURSI, Judge.

Claimant, Dennis Landers, seeks review of a final order of the Industrial Commission determining that he was not eligible for unemployment compensation benefits. We set aside the order.

Initially, claimant's request for benefits was denied. Claimant then requested a hearing, which was held on September 13, 1983. On October 12, 1983, a hearing officer entered an order determining that Landers was eligible for unemployment compensation benefits. After the expiration of the time for filing petitions for review, the hearing officer was requested to change this decision by the Division of Employment and Training (Division). When the hearing officer did not comply with this request, the chief of appeals of the Division ordered the hearing officer to make the required change.

On March 5, 1984, almost five months after the date of the initial order, the hearing officer entered an amended order, finding that Landers was not eligible for unemployment benefits. At the hearing requested by Landers after the amended order was issued, the hearing officer explained his actions as follows:

"Gentlemen, though I agree with your arguments be aware that I am an employee of the Division of Employment and Training and the Chief of Appeals is my immediate superior. As such the law grants me no protection and my job is obviously in jeopardy if I do not follow the written orders and directions of the Chief of Appeals. I am not a judge and do not and cannot stand alone. I am compelled when ordered to do so to change the decision. In this case I have been ordered to provide a certain decision and will do so. Therefore, in spite of the fact that I agree with you gentlemen and your grounds there is nothing I can do about it."

Following this hearing, another decision, substantially identical to the March 5, 1984, amended order, was entered by the hearing officer. This decision was dated May 8, 1984.

Landers filed a petition for review of the amended orders, contending that they had been entered without statutory authority. On December 18, 1984, the Commission entered an order vacating the amended orders because the request for reconsideration by the Division had been "disorderly." Although no party had filed a petition for review of the initial order, this order was also vacated by the Commission because the transcript had been destroyed and, therefore, could not be reviewed. The Commission then remanded the claim for a new hearing before a different hearing officer.

Landers filed a petition for review of this order, noting that the facts had been stipu-

lated to by the parties and that further hearings would only further delay resolution of the claim. Accordingly, Landers requested that the Commission determine the claim on these undisputed facts.

On February 5, 1985, the Commission entered an order vacating its December 18, 1984, order and affirming the hearing officer's May 8, 1984, amended order. In so doing, the Commission stated that since the parties had stipulated to the facts at the April 30, 1984, hearing, "the Commission will not vacate for procedural impropriety the [hearing officer's] decision that was based on this evidence."

I

■ On review, Landers contends that it was error for the Commission to fail to reinstate the initial decision of the hearing officer because it had not been appealed or reconsidered in accordance with the applicable statutory provisions. We agree.

Pursuant to § 8–74–106(1)(b), C.R.S. (1985 Cum.Supp.), a benefit decision made by a hearing officer becomes final unless an interested party files a petition for review within specified time limits. The Division was an interested party to Landers' claim for benefits and was therefore entitled to seek review of the initial decision made by the hearing officer. *See* § 8–70–103(17), C.R.S.; § 8–74–107(2), C.R.S. (1985 Cum.Supp.). When neither the Division nor any other interested party filed a petition for review within the specified time limits, the hearing officer's decision became final.

Nevertheless, instead of utilizing the statutory procedures provided for review, the Division arranged for the hearing officer to be ordered to "reconsider" his order ostensibly in accordance with § 8–74–105, C.R.S. (1985 Cum.Supp.). Although the Commission now urges us to disregard the reason the hearing officer entered the amended order on "reconsideration," we cannot overlook the Division's circumvention of the statutory procedures for obtaining review of decisions made by hearing officers. While an administrative proceed-

ing is entitled to a presumption of regularity, such presumption is a rebuttable one. *deKoevend v. Board of Education,* 688 P.2d 219 (Colo.1984). Here, the circumstances surrounding the hearing officer's entry of the reconsidered order are sufficient to overcome this presumption of regularity because they establish that the "reconsideration" was not made in accordance with either the letter or the spirit of the applicable statutory provisions.

Section 8–74–105, C.R.S. (1985 Cum. Supp.) provides that a hearing officer may, on his own motion, reconsider a decision when it appears that an apparent procedural or substantive error has occurred in connection therewith. The Division is given no authority to participate in this decision, much less the authority to order that a "reconsidered" decision be issued. Instead, the section specifies that the reconsideration be on the hearing officer's own motion.

Here, the record establishes that the Division instigated the "reconsideration" and effectively dictated the contents of the amended orders. Thus, the reconsideration and amended orders were not entered in accordance with the statutory requirements and were in excess of the statutory powers conferred upon the hearing officer. *See Thompson v. Industrial Commission,* 33 Colo.App. 369, 520 P.2d 139 (1974). Accordingly, it was error for the Commission to fail to reinstate the initial decision of the hearing officer because it had not been appealed or reconsidered pursuant to the applicable statutory provisions. *See Washburn v. Industrial Commission,* 153 Colo. 500, 386 P.2d 975 (1963).

II

■ The Commission contends that if any procedural error occurred, it was waived by Landers when he requested that the Commission determine the claim on the undisputed facts developed at the April 30, 1984, hearing. We disagree.

A waiver of due process rights must be voluntary, knowing, and intelligent. *Co-*

*lumbine Valley Construction Co. v. Board of Directors*, 626 P.2d 686 (Colo. 1981). Here, Landers specifically relied upon procedural error in his petition to review the amended order. Landers' subsequent request to the Commission was made only to avoid an unnecessary evidentiary hearing and cannot fairly be construed to constitute a voluntary, knowing, and intelligent waiver of procedural error.

 Additionally, there is no merit in the Commission's contention that any procedural error was "harmless." Regardless of the merits of Landers' claim for unemployment compensation benefits, he was entitled to hearing and review procedures conducted in accordance with the applicable statutory provisions.

The order is set aside and the cause is remanded to the Industrial Commission with directions to reinstate the decision of the hearing officer entered on October 12, 1983.

PIERCE and BERMAN, JJ., concur.